## KIRBY v. TURNER–DAY & WOOLWORTH HANDLE CO.

### No. 521.

District Court, E. D. Tennessee, S. D.

June 29, 1943.

Whitaker, Hall, Haynes, & Allison, of Chattanooga, Tenn., for plaintiff.

John S. Carriger, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

By motion the plaintiff prays for an order requiring the defendant to make its answer more specific, or to file a bill of particulars, in two respects.

(1) The third paragraph of the complaint charges that the plaintiff's intestate was struck and killed by an automobile operated on behalf of the defendant by its employe, Skeen Thorne, in the course of his employment.

In response to this averment the answer admits that the car belonged to the defendant and was being operated by Skeen Thorne but neither admits or denies that Thorne was an agent of the defendant and that he was acting in the course of his employment, unless such denial is construed to be within a general denial placed at the close of the answer. The plaintiff contends that this does not meet the requirements of Rule 8(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

While a number of courts in construing Rule 12(e) Federal Rules of Civil Procedure seem to make no distinction between a motion "for a more definite statement" and a motion "for a bill of par-

470

ticulars", I think the Rules contemplate a distinction. It seems to me that the right for a more definite statement comes where the pleading might be vague and uncertain and there is a request to clarify, while a bill of particulars would be a request for details not included in the pleadings.

My idea is that the part of the defendant's motion under consideration is asking for a more definite statement or a clarification of whether the driver of the defendant's automobile was at the time the defendant's agent and about the defendant's business.

In a study of Rule 8(b) I have concluded that a general denial is intended to cover whole averments or paragraphs and that if it is intended to admit a part of an averment or a qualification of an averment, the pleader is then required to specify so much as he admits and specifically deny the remainder. I think any other construction would tend to create confusion and misunderstandings.

By the wording of the rule there is permitted a general denial of all averments except such designated averments or paragraphs as are expressly admitted. It is not contemplated that a pleader may admit a portion of an averment or paragraph and by general denial controvert the truth of the other portion of the averment or paragraph. Such situation is met by the rule itself where it provides that if the pleader denies only a part or qualification of an averment, he shall specify so much as is true and material and shall deny only the remainder.

Applying this construction of the rule, it appears that the defendant has admitted a portion of this averment in paragraph 3 in that he says that it was the defendant's car that struck the deceased and that Skeen Thorne was driving same, but the other portion of plaintiff's averment on this question is not specifically denied or admitted.

It is my judgment that the general denial does not work as a denial of this portion of this averment and that the defendant should deny or admit all the same specifically, or if he is without knowledge or information, he should so state, as he is permitted to do under the rule.

In the manner as indicated, the motion to make the answer more specific is granted.

(2) By the answer the defendant pleads, as a bar to the action the contributory negligence of the deceased.

The plaintiff asked for a more detailed statement of the alleged misconduct of the plaintiff's intestate, particularly as to whether or not it will be claimed that the deceased, at the time, was under the influence of an intoxicating beverage.

I think the answer sets out sufficient details of the conduct of the deceased at the time he was struck. I think it is quite plain that the question of whether the deceased was intoxicated whereby he may have acted negligently is a matter of proof and not of pleading. The actual negligence was the conduct of the deceased and not what may have caused it.

That is, intoxication itself would not be negligence under the allegations made in this case. A drunk man may or may not be negligent in his use of a highway, and intoxication would not have to be pleaded as an act of negligence. But intoxication might be proven as a circumstance to show imprudent actions.

This part of the motion is overruled.

Let an order be drawn and submitted in accord with this memorandum.