DeVORE BROKERAGE COMPANY,
Inc., et al.,

v.

The GOODYEAR TIRE & RUBBER
COMPANY.

Civ. No. 5332.

United States District Court
M. D. Tennessee,
Nashville Division.

Sept. 23, 1969.

Paul W. Brock, Hand, Arendall, Bedsole, Greaves, and Johnston, Mobile, Ala., William J. Harbison, Trabue, Minick, Sturdivant & Harbison, Nashville, Tenn., for plaintiffs.

Douglas M. Fisher, Nashville, Tenn., for defendant.

## MEMORANDUM AND ORDER

FRANK GRAY, Jr., District Judge.

This action for contribution or indemnity arose out of a wrongful death action

in the United States District Court for the Southern District of Alabama. In the Alabama action, judgment was entered, on a compromise, against DeVore Brokerage Company, Inc. (defendant there, plaintiff here), which judgment was paid by DeVore's insurer, Liberty Mutual Insurance Company. In the present action the insurer, Liberty, causes its insured, DeVore, to act as its use plaintiff against the defendant Goodyear Tire & Rubber Company, which was not before the court in the Alabama action.

The defendant herein has moved the court as follows:

1. To dismiss the action, or, in lieu thereof, to quash service of process on the ground it is in the wrong district.

2. To dismiss the action because it fails to state a claim against the defendant upon which relief can be granted.

3. In the alternative, to require the plaintiffs in their complaint to make a more definite statement in the following particulars:

   a. To state when it was that the Goodyear tire left the hands of Goodyear, if known; if not, to state when it was that the tire was purchased.

   b. To state to whom it is claimed the implied warranty of fitness ran.

   c. To state the material facts giving rise to the alleged liability of De Vore to the original plaintiff.

   d. To state specifically the separate items claimed in addition to the judgment paid.

Each of the defendant's motions will be dealt with separately hereinafter.

I

Defendant first moves to dismiss, or, in lieu thereof, to quash service of process on the ground that, pursuant to Rule 14, Federal Rules of Civil Procedure, plaintiff's alleged right to contribution or indemnity should have been exercised in a third party proceeding as part of the original action in Alabama.

■■■ The third party provisions of Rule 14 are permissive and not compulsory. As the court said, in Union Paving Co. v. Thomas, 9 F.R.D. 612, 613 (E.D.Pa.1949):

"It is clear that said Rule 14 confers upon a defendant the right to bring in additional defendants which he may exercise or ignore as he sees fit. It was not the intent of the legislature in promulgating the Rules to defeat substantive rights in a case where there has been an election not to utilize such right."

The fact that the plaintiff, when originally sued in federal court, failed to implead the defendant does not bar the plaintiff's subsequent suit for contribution or indemnity. 3 Moore's Federal Practice ¶ 14.06.

II

In support of its second motion for dismissal, movant first asserts that the complaint is insufficient, in that a tortfeasor seeking contribution must allege his own negligence, and plaintiff has not done so.

■■■ Under the Federal Rules of Civil Procedure, the requirement as to sufficiency of the complaint is that there be "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a); and the motion for dismissal under Rule 12(b) is for "failure to state a claim upon which relief can be granted." The rules are liberal as to sufficiency of the complaint, and it is a rare case when a motion for dismissal on such grounds is granted. This is not such a case. See Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944); Wright, Law of Federal Courts, § 66, at 242 (1963).

Secondly, the defendant asserts that, because the plaintiff was a voluntary compromiser in the original action, it has the burden of proof as to its own liability to the original plaintiff, and

that, because the defendant was not a party to the compromise, it is not bound thereby and has a right to a jury trial on the question of liability.

Assuming, but not deciding, that defendant is correct in its statement of the law, these assertions are not grounds for dismissal but are properly to be considered on the trial of this action. *See* Huggins v. Graves, 337 F.2d 486 (6th Cir. 1964); Carter v. ET & WNC Transportation Company, Inc., 35 Tenn. App. 196, 243 S.W.2d 505 (1949).

Defendant further asserts that this action should be dismissed for failure of plaintiff to state the date on which the defendant is alleged to have acted or neglected to act, which failure renders it impossible for defendant to determine whether to interpose the defense of statute of limitations.

The applicable statute of limitations for contribution actions in Tennessee is embodied in the Uniform Contribution Among Tort-Feasors Act, T.C.A. § 23–3101 *et seq.* T.C.A. § 23–3104(c) provides as follows:

"If there is a judgment for the injury or wrongful death against the tort-feasor seeking contribution, any separate action by him to enforce contribution must be commenced *within one (1) year after satisfaction of the judgment.*" [Emphasis added.]

Therefore, the date of the defendant's performance of any act or failure to act is irrelevant in determining whether to interpose the defense of statute of limitations. Likewise, as to plaintiff's claim for indemnity, the pertinent date insofar as any statute of limitations is concerned is not the date on which the defendant acted or failed to act. 3 Moore's Federal Practice ¶ 14.09; Vaughn v. Terminal Transport Co., Inc., 162 F.Supp. 647 (E.D.Tenn.1957).

### III

In the alternative, the defendant moves the court to require the plaintiff to make a more definite statement as to certain particulars. Rule 12(e), Federal Rules of Civil Procedure, clearly states that a motion for a more definite statement is proper only "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *See* Kirby v. Turner-Day & Woolworth Handle Co., 50 F.Supp. 469 (E.D.Tenn.1943). If the pleading is sufficiently definite so that an opponent can reply to it, the motion for a more definite statement should be denied, and any particular which the opponent needs may be obtained through discovery procedures. See CMAX, Inc. v. Hall, 290 F.2d 736 (9th Cir. 1961); Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126 (5th Cir. 1959); Blue Diamond Coal Company v. United Mine Workers of America, 282 F.Supp. 562 (E.D.Tenn. 1968); 2A Moore's Federal Practice ¶ 12.18.

In the opinion of the court, this complaint is sufficient to satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure. If additional particulars are required, they may be obtained through use of the discovery procedures provided for in the rules.

Accordingly, the defendant's motions are denied.