**ALASKA RENT–A–CAR, INC., d/b/a Avis Rent-A-Car, Appellant,**

v.

**The FORD MOTOR COMPANY, a corporation, Appellee.**

**No. 1823.**

Supreme Court of Alaska.

Oct. 4, 1974.

---

R. J. Annis, Juneau, and Thomas E. Schulz, Juneau, for appellant.

Murphy L. Clark and Kenneth P. Jacobus of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and FITZGERALD, JJ.

## OPINION

CONNOR, Justice.

After losing a personal injury action arising from an accident in which one of its automobiles was involved, Alaska Rent-A-Car, Inc., doing business as Avis Rent-A-Car (hereinafter Avis), proceeded on a third-party complaint against Ford Motor Company, the manufacturer of the automobile. This is an appeal from a summary judgment granted in favor of Ford against Avis. The question is whether summary judgment should have been granted.

On August 11, 1969, Sharon A. Brockway was injured when the automobile she was driving was struck from the rear by a Ford Maverick automobile driven by Charles E. Johnson. According to Johnson, the cause of the accident was the failure of the brake pedal in the car he was driving, which fell from its mountings to the floor when he depressed it.[1] Johnson

---

1. Mr. Johnson made this assertion in his statement about the accident, a typed copy of which was attached to Avis' memo in opposition to the motion for summary judgment.

A typed copy was submitted because the original statement allegedly did not photocopy in legible form.

had rented the Maverick from Avis on the night before the accident.

Brockway sued both Johnson and Avis. The Brockway complaint asserted three claims for recovery under theories of negligence, strict liability, and res ipsa loquitur. Avis was successful in bringing in Ford Motor Company as third-party defendant, and a third-party complaint was filed.

In the second claim of Brockway's complaint, relating to strict liability, it is alleged:

"The Avis vehicle was rented by Avis in a defective condition, unreasonably dangerous to its users and occupants of other vehicles, such as the plaintiff's, which defective condition proximately caused the Avis vehicle to collide with the plaintiff's vehicle which was then and there stopped. . . ."

It is this claim that forms the basis of Avis' third-party complaint against Ford. In this complaint Avis charges that the Maverick involved in the accident was sold to it by Ford with a defective brake pedal.

In its answer to the second claim of the Brockway complaint, Avis stated:

"The defendants admit that the Maverick automobile had a defective brake pedal which gave way and caused it to collide with the plaintiff's vehicle. . . ."

On this basis Brockway succeeded in obtaining a partial summary judgment against Avis on the question of liability. Since the issue of liability was determined by the partial summary judgment, Brockway moved for and was granted a separate trial against Avis on the issue of damages. Trial was held, and the jury returned a $23,000 verdict in favor of Brockway. The judgment allowed Brockway to recover from Avis $23,000 damages, $1,855.-34 interest, and $2,835.00 attorneys' fees.

Avis then proceeded on its third-party complaint against Ford. Ford filed a motion for summary judgment against Avis, which was granted. From that summary judgment, Avis now appeals.

Rule 56(c) of the Alaska Rules of Civil Procedure provides:

"Judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

The burden is upon Ford, as moving party, to establish the absence of a material issue of fact, otherwise summary judgment should be denied.

The third-party complaint is couched in terms of express or implied warranty, or both. However, in its memorandum in opposition to the motion for summary judgment, Avis speaks of the theory under which it is proceeding as "breach of implied warranty or strict liability." Presumably both theories might be presented at trial.

Both parties appear to agree that under either theory, it is necessary to prove that (1) there was a defect in the brake pedal and (2) the defect existed at the time the automobile left the hands of the manufacturer, Ford. Ford asserts that because Avis cannot prove these two elements, a summary judgment is appropriate. Avis contends that a material issue of fact does exist as to these elements and that the entry of summary judgment was, therefore, improper.

One of Ford's basic contentions is that Avis cannot establish a defect in the brake pedal because (1) the pedal is missing, and (2) there was no examination by an expert after the accident which would reveal the cause of the defect. Ford places reliance on Shramek v. General Motors Corp., 69 Ill.App.2d 72, 216 N.E.2d 244 (1966). There an automobile tire, alleged to have been defectively manufactured, was not available for examination, and it had not been subjected to any examination which would have revealed whether its failure was due to a pre-existing defect. The court held that summary judgment properly had been granted for the defendants, commenting,

"The facts upon which plaintiff bases his case are a blowout and, essentially, nothing more. On such a record, especially when the tire had undergone some 10,000 miles of use and had never been examined for defects following the blowout, an inference that the manufacturer and seller placed a defective product in the plaintiff's hands is impossible." 216 N.E.2d at 249.

Ford cites four other cases involving automobile tires which failed: Williams v. United States Royal Tires, 101 So.2d 488 (La.App.1958); Goodman v. Brock, 83 N. M. 789, 498 P.2d 676 (1972); Casetta v. United States Rubber Co., 260 Cal.App.2d 792, 67 Cal.Rptr. 645 (1968); and Brissette v. Milner Chevrolet, Co., 479 S.W.2d 176 (Mo.App.1972). These buttress the holding of the *Shramek* case that where a tire is not available, and has not been inspected in such a way as to reveal the cause of its failure, it is proper to render a summary judgment against the one claiming that the tire was defectively manufactured.[2]

■ In its opposition to Ford's motion, Avis submitted unsworn statements by Charles E. Johnson, driver of the Maverick, and Robert Van Dyck, Jr., his passenger at the time of the accident, and an affidavit by Curtis Jasper, the local manager for Avis in Juneau at the time of the accident. Johnson stated that he was going downhill at about 5 m.p.h. when he stepped on the brake, that the pedal fell off and caused him to hit the rear of the car ahead. His observations indicated that the pivot pin which held the pedal in place under the dashboard had come out of its opening and fallen to the floorboard.

The pedal and its shaft were hanging askew. Van Dyck corroborated Johnson's statement.[3] The affidavit of Jasper states what he found when he inspected the brake pedal on the evening of the accident:

"I inspected the foot brake pedal and found that a pin which held the pedal in place had given way. The pin is held in place by a clip or washer device which goes over each of the beveled ends of the pin. The clip or washer on the right or passenger side of the pin had come loose and the pin and the clip or washer were lying on the floor of the car. I cannot at this point exactly describe the condition of the clip or washer, but I have the definite impression that it was broken or defective."

■ These observations, if accepted by the trier of fact, would certainly establish that a defect existed at the time of the accident. The more difficult question is whether they would support a finding by the trier of fact that the defect existed when the product left Ford's control. At this point it is important to emphasize that Avis need not establish that it will ultimately prevail at trial, but only that there exists a genuine issue of fact to be litigated. Gablick v. Wolfe, 469 P.2d 391, 395 (Alaska 1970); Slaymaker v. Peterkin, 518 P.2d 763 (Alaska 1974).

■ Avis need not eliminate all other possible causes of the brake failure in order to recover. It can make its case through circumstantial evidence. All inferences of fact from the proffered proofs are to be drawn in favor of the party opposing summary judgment, and against the movant. Nizinski v. Golden Valley Elec-

2. In the *Brissette* case the court recognized the *Shramek* rule but concluded that, because there had been an inspection of the tire by several non-experts, the mere absence of the tire was not fatal to the plaintiff's opportunity to submit his case to full trial.

Ford also relies on Jakubowski v. Minnesota Mining and Manufacturing, 42 N.J. 177, 199 A.2d 826 (1964), where nobody had examined a missing, broken grinding wheel to see what caused it to break. Because the

break could just as well have occurred from mishandling or overuse by others as from a manufacturing flaw, the court held the case insufficient to go to the jury on the question of breach of warranty.

3. These statements, not made under oath, may not be considered as evidence on a summary judgment motion. *See* Miller v. City of Fairbanks, 509 P.2d 826, 831 (Alaska 1973).

tric Association, Inc., 509 P.2d 280, 283 (Alaska 1973); Braund, Inc., v. White, 486 P.2d 50, 54 (Alaska 1971).

A number of cases from other jurisdictions are on point because they deal with the question of what inferences may be drawn by a jury as to the negligence of an automobile manufacturer.

Stewart v. Budget Rent-A-Car, 470 P.2d 240 (Hawaii 1970), involved a rental automobile. The only proof of defect came from the testimony of the plaintiff driver. She testified that as she was driving along on a straight and level section of an asphalt road, on a sunny day, the car began veering to the left and she could no longer control it by using the steering wheel. This resulted in the car plunging over an embankment. The automobile had been rented only five times and driven 2,829 miles. A master mechanic inspected part of the remains of the automobile and discovered that two parts of the steering mechanism were broken. However, he was unable to give an honest opinion as to whether the defects were caused by the accident or were the cause of the accident. The court held that the case was properly submitted to the jury on the question of whether a defect existed, but that it was error to direct a verdict in favor of the manufacturer on the question of whether the defect was present when the car left the manufacturer's hands. On this point the court said:

"If there was enough evidence from which a jury might infer that reasonable care was exercised by the rental agency in the maintenance of the car, then the jury could have found that a defect was present at the time the product left the hands of a manufacturer and the distributor. Whether or not this was the case would depend upon the jury's evaluation of the nature of the accident and the length of time the car had been in the rental agency's possession; all of which influence the weight of the inference to be drawn, if any, that the defect which caused the accident existed when the car passed from the manufacturer to the distributor to the rental agency. . . . we hold that if there was sufficient evidence of a defect to go to the jury with respect to the rental agency, considering the nature of the accident and the testimony of the user, there was likewise sufficient evidence of a defect to go to the jury with respect to the manufacturer and the distributor." 470 P.2d, at 245.

In Sharp v. Chrysler Corporation, 432 S.W.2d 131 (Ct.Civ.App.Tex.1968), an internal defect in a brake drum had apparently caused an accident. A directed verdict for the defendant manufacturer was reversed on the basis of evidence that there had been no prior tampering with or damage done to the brake drum, and that the car had been driven only 1600 miles before the accident.

In Markel v. Spencer, 5 A.D.2d 400, 171 N.Y.S.2d 770, (1958) aff'd without opinion, 5 N.Y.2d 958, 184 N.Y.S.2d 835, 157 N.E. 2d 713 (1959), appeal from a jury verdict in favor of plaintiff was dismissed. The court held that the jury was entitled to find that a car was defective as a result of the manufacturer's negligence. In *Markel,* after an accident in which the brakes failed, a broken bolt was found and there was some evidence that there had been no tampering with the braking mechanism, and no intervening accident.

Where the plaintiff has presented evidence permitting an inference that a defect was present in the car when it left the manufacturer's hands, other cases illustrate that evidence that the car had been driven a certain number of miles or had been out of the manufacturer's hands for a certain length of time, while it may have some probative value, does not dispose of the issue of fact raised by the plaintiff's evidence. In Hawkeye-Security Insurance Company v. Ford Motor Company, 174 N. W.2d 672, 681 (Iowa 1970), which also concerned defective brakes, the court said:

"We hold age and type of use of a product are relevant factors to be con-

sidered in products liability cases of this type but they are relevant factors for the trier of facts. Only in rare cases, or in absence of other proofs, are they controlling as a matter of law." (Citation omitted.)

Similarly, in Kridler v. Ford Motor Company, 300 F.Supp. 1163 (W.D.Pa. 1969), an automobile steering device allegedly caused an accident. The court held that although the plaintiff had had a previous accident with the car and the car had been driven for over 12,000 miles, this would not preclude a jury from finding a defect in the automobile's steering mechanism at the time of its manufacture.

■ In the case at bar we will not consider the unsworn statement of Charles E. Johnson and Robert Van Dyck, Jr., as these are not within the purview of Civil Rule 56(c). Disregarding these materials, however, the documents which can be considered present the following circumstantial evidence: (1) the brake pedal fell to the floor when Johnson depressed it, thereby causing the Maverick automobile to collide with the Brockway automobile; (2) a pin which had held the brake pedal in place had given way when inspected by Curtis Jasper on the evening of the accident; (3) the accident happened 30 days after Avis got possession of the car from Ford; (4) the car had been driven about 1,488 miles at the time of the accident; (5) the car was shipped to Juneau, Alaska, from Kansas City, Missouri, by Ford, and upon receipt was taken to the Ford dealer in Juneau where it was prepared for use by Avis by having the radio antenna attached, hubcaps put on, and so forth, there being no inspection beyond that; (6) the manager of Avis in Juneau at the time of the accident had no recollection of any accident involving this Maverick up until the time of the collision with Brockway's vehicle; (7) no mechanical work was done on the car apart from the repairs occasioned by the Brockway accident; and (8) apparently 17 people operated the vehicle from its arrival in Juneau until Johnson had the collision with the Brockway vehicle.

In our view a jury might fairly infer from this evidence that a defect existed in the product when it left Ford's hands. Because this inference would be permitted, a genuine issue of fact exists. Summary judgment is, therefore, inappropriate.

Reversed and remanded.

BOOCHEVER, J., not participating.