DIVERSIFIED PRODUCTS CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT, STEWART-WARNER CORPORATION, INTERVENOR

Court No. 82-7-01065

Before RAO, *Judge.*

(Dated November 17, 1982)

RAO, *Judge:* On October 18, 1982, Stewart-Warner Corporation's motion to intervene in the above-captioned civil action was granted by this court, and intervenor filed its answer to the complaint.

In its answer intervenor included in its responses to allegations 5 through 14 of the complaint, in addition to admissions of the allegations, provisos that its admissions are to be changed to denials in the event that the respective allegations are deemed to constitute material facts for purposes of this civil action.

Plaintiff has moved to strike those portions of intervenor's answer to the complaint pursuant to Rule 12(f) of this court which states that the court may order stricken from any pleading any insufficient defense, *inter alia.* Plaintiff also invokes Rule 8(c) of this court which sets forth that denials shall fairly meet the substance of the averments.

The issue raised by this motion is whether admissions in an answer to a complaint may be made contingent on whether the averments thus admitted are later found to be material, and if so, the answers shall then be deemed denied.

This court decides that admissions cannot be so couched. The real test of a good pleading under the Federal Rules of Civil Procedure upon which the Rules of the United States Court of International Trade were patterned is whether sufficient information is given to enable the opposing party to plead and prepare for trial.

Although alternative and hypothetical statements of defense are permitted, where a pleader intends to admit part of an averment or a qualification thereof, he must specifically state so much as he admits and specifically deny the remainder. *Kirby* v. *Turner-Day & Woolworth Handle Co.,* 50 F. Supp. 469 (D.C. Tenn. 1943). Defendant cannot admit an allegation on the one hand and deny it if it is later found to be material. Implementing the test enunciated above, this type of pleading does not give the plaintiff sufficient information to plead and prepare for trial, as it requires a mental determination as to what will be deemed material in order to prepare for trial.

It is therefore,

Ordered that plaintiff's motion to strike be, and the same hereby is, granted; and it is further

Ordered that intervenor shall file an amended answer to plaintiff's complaint within ten (10) days of entry of this Order, omitting all provisos and statements in its answer which make the responses contingent on said allegations in plaintiff's complaint not constituting material facts.