498 So.2d 1381 (1986)
A PATIENT CARE CENTER, INC., et al., Appellants/Cross Appellees,
v.
TED HOYER AND COMPANY, INC., and Everest & Jennings, Inc., Appellees/Cross Appellants.
No. 85-1306.
District Court of Appeal of Florida, Fourth District.
December 24, 1986.
Bruce A. Katzen and Sanford Bohrer of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, for appellants/cross appellees George Fabe, Supt. of Ins., and Liquidator of American Druggists' Ins. Co.
Susan Powell Sistare of Susan Powell Sistare, P.A., Fort Lauderdale, for appellees/cross appellants.
DOWNEY, Judge.
This is a timely appeal from a final summary judgment entered against the appellant, *1382 A Patient Care Center, Inc. (Patient Care), on its third-party complaint against the appellees, Ted Hoyer and Company, Inc. (the manufacturer), and Everest & Jennings, Inc. (the distributor), which sought contribution based on allegations of defective design of a product.
Plaintiff Andrew Pecora (Pecora), a preexisting quadriplegic, rented a hydraulic patient lift (to move him in and out of his wheelchair, bed, automobile, etc.) known as a "Hoyer Travel Lift" from Patient Care, a retailer of medical equipment. The patient lift rolls about on four casters, one at each corner of the lift. Each caster has a stem that protrudes up through an opening in the patient lift frame, and is secured from above with a nut.
On April 14, 1983, Pecora's attendant, Kelvin Mobley, used the lift to transport Pecora from his bed to his wheelchair. As the lift was being pushed, one of the caster wheels came loose and jammed against the frame. The lift pitched forward, Pecora fell to the floor, and the lift landed on top of him. The patient lift that was used to transport Pecora at the time of the incident had domed or "acorn" nuts securing three of the four casters, and a regular flat hex nut securing the fourth caster.
On June 28, 1984, Pecora filed suit against Patient Care for negligence in, inter alia, failing to adequately repair the lift after being previously advised that the nut securing the left front caster stem repeatedly worked loose. Patient Care answered and filed a third-party complaint against the manufacturer and the distributor for contribution based on negligence and implied warranty of fitness.
Although the record reflects that there are no genuine issues of material fact regarding the liability of the distributor, Everest & Jennings, Inc., there are definitely genuine issues regarding the manufacturer, Ted Hoyer and Company, Inc. Not only is there a fact issue involving the question of negligent design, based on the failure to use lock nuts to secure the wheels to the lift, but there is also an issue as to whether the replacement nut was an active and efficient intervening cause of the accident in question, and, if so, whether it was probable or foreseeable. See Nunziato v. P & L Auto Parts, Inc., 403 So.2d 1031 (Fla. 3d DCA 1981); Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972), cert. denied, 275 So.2d 14 (1973); W. Prosser, Law of Torts, 276, 290 (4th ed. 1971).
By cross appeal appellees have assigned as error the trial court's initial denial of their motion for summary judgment based on section 95.031(2), Florida Statutes (1985), proscribing the bringing of products liability actions more than twelve years after delivery of the completed product to its original purchaser. We reject cross appellants' contention because a genuine issue of fact existed as to the date of delivery in this case. We also recognize, without ruling on the merits, that a third-party claim for contribution against the manufacturer of a defective product may not be affected by the statute of repose, since a claim for contribution does not accrue until the judgment has been entered against the defendant/third-party plaintiff, or until he has paid the claim. See, e.g., Showell Industries, Inc. v. Holmes County, 409 So.2d 78 (Fla. 1st DCA 1982). Generally, a cause of action for contribution may be filed in the original action or may be commenced by a separate action within one year of the rendition of the final judgment in the case. Johns-Manville Sales Corp. v. Zack Co., 374 So.2d 1150 (Fla. 3d DCA 1979).
Accordingly, the judgment appealed from is affirmed as to the distributor, Everest & Jennings, Inc., and reversed as to the manufacturer, Ted Hoyer and Company, Inc., and the cause is remanded to the trial court for further proceedings as to Ted Hoyer and Company, Inc.
ANSTEAD and GUNTHER, JJ., concur.