**PROVIDENCE WASHINGTON INSURANCE COMPANY OF ALASKA, Appellant,**

v.

**Robert W. McGEE and Power Communications, Inc., Appellees.**

No. S–2214.

Supreme Court of Alaska.

Nov. 10, 1988.

Constance Cates Ringstad and Michael P. McConahy, Call, Barrett & Burbank, Fairbanks, for appellant.

Joseph S. Slusser and Kenneth D. Lougee, Hughes, Thorness, Gantz, Powell & Brundin, Fairbanks, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This case raises questions concerning contribution among joint tortfeasors. The specific issue is when a claim for contribution arises.

### I. FACTUAL AND PROCEDURAL BACKGROUND

An accident occurred involving vehicles driven by Robert McGee and Wayne Varney. McGee was driving a truck owned by his employer, Power Communications. He was returning home after picking up material for work the next day. Varney was driving a car also owned by his employer, James Turner, d/b/a J & O Drilling. Varney and four passengers were returning from an outing at the Fairbanks Fair. The car was insured under Turner's policy with Providence Washington Insurance Company of Alaska (Providence Washington). Varney was an insured driver under the policy.

Providence Washington paid $36,894.76 to Lynn Ice, a passenger in the Turner car, for damages she sustained in the accident. In exchange, Providence Washington ob-

tained from Ice the release of Varney, Turner, McGee and Power Communications from further liability. Providence Washington paid $6,269.00 to Turner for damages to his car.

Also as a result of the accident, McGee filed suit against Varney. That action was dismissed when Providence Washington agreed to pay McGee $275,000 on Varney's behalf. In exchange, McGee released Varney, Turner, J & O Drilling and Providence Washington from future liability.[1]

Following its settlement of these claims, Providence Washington, as subrogee of Turner,[2] filed suit against McGee and Power Communications (collectively McGee, unless otherwise noted) for contribution on the amounts paid to Ice and Turner.[3]

Providence Washington alleged that McGee was a joint tortfeasor on a theory of negligence, and Power Communications a joint tortfeasor on the theories of vicarious liability and negligent entrustment of its vehicle to McGee. McGee answered that Providence Washington was required under Alaska R.Civ.P. 13(a)[4] to bring these claims in McGee's previous action against Varney. Because the claims were not brought at that time, McGee claimed that they were barred.

This case was originally assigned to Judge Gerald J. Van Hoomissen. Judge Van Hoomissen denied McGee's motion for judgment on the pleadings, but granted partial summary judgment to Power Communications on the claim of negligent en-

1. Neither the pleadings in the previous litigation nor the releases were included in the record on appeal. However, the uncontested facts disclose that neither Turner nor Providence Washington was named as a party in McGee's suit, and that neither released McGee from any potential liability.

2. In memoranda filed in the trial court subsequent to its initial pleadings, Providence Washington claimed status as subrogee of both Turner and Varney. McGee argues before this court that Providence Washington used a "'shell game' approach to the pleadings; Providence Washington's theory of recovery vacillated between contribution rights which derived from Varney and contribution rights which derived from Turner." In addition, McGee argues that Turner's negligence was not pled by Providence Washington in its complaint and thus Turner cannot have been a joint tortfeasor who could seek recovery under the Alaska Uniform Contribution Among Joint Tortfeasors Act, AS 09.16.-010–.060.

The trial court never addressed these issues. We therefore need not determine any issue arising out of the alleged "shell game."

Regarding the alleged defect in Providence Washington's pleading of Turner's negligence, we do observe that Alaska R.Civ.P. 8(a) requires only that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In this regard, implicit in any claim for contribution is the notion that the contribution claimant is a joint tortfeasor. *See DeVore Brokerage Co. v. Goodyear Tire & Rubber Co.,* 308 F.Supp. 279 (M.D. Tenn.1969). Such an implicit allegation should be sufficient to put the opposing parties on notice as to one of the issues to be litigated, namely, the negligence of the contribution claimant. In addition, it is within the trial court's discretion to allow amendments to the

pleadings or to treat issues tried by the parties by express or implied consent as if they had been raised in the pleadings. Alaska R.Civ.P. 15(a), (b). It is in the latter manner that McGee is treating Providence Washington's rights as derivative through Varney.

Providence Washington could have explicitly articulated a basis for Turner's negligence, rather than rely on an implicit allegation. *See Robert L. Turchin, Inc. v. Gelfand Roofing,* 450 So.2d 554, 556 (Fla.App.1984); *Home Ins. Co. v. Advance Mach. Co.,* 443 So.2d 165, 169 (Fla.App. 1983) ("A *prima facie* case is made if claimant establishes common liability and introduces proof of the fact of and the amount of the settlement reached."). McGee may choose to move for a more definite statement regarding Turner's negligence, Alaska R.Civ.P. 12(e), or waive any defect in the pleading and proceed to argue Turner's negligence on the merits. *See Ogle v. Craig Taylor Equipment Co.,* 761 P.2d 722, 725 & n. 4 (Alaska 1988); *W.D. Rubright Co. v. International Harvester Co.,* 358 F.Supp. 1388, 1397 & n. 4. (W.D.Pa.1973). Alternatively, should McGee direct the trial court's attention to matters outside the pleadings, he may choose to move for summary judgment on the issue. Alaska R.Civ.P. 12(c), 56.

3. The $275,000 paid to McGee is not at issue in this contribution action.

4. Civil Rule 13(a) provides in part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

trustment. The case was reassigned to Judge James R. Blair. At a pretrial conference, McGee renewed his motion for judgment on the pleadings. The following day Judge Blair granted the motion, holding that the claims were barred under Civil Rule 13(a).[5]

Providence Washington appeals the rulings on the judgment on the pleadings, the summary judgment and attorney's fees.

## II. DISCUSSION

We have recognized that a complaint is subject to dismissal under Alaska R.Civ.P. 12(b)(6) when an affirmative defense appears clearly on the face of the pleading. *Aspen Exploration Corp. v. Sheffield,* 739 P.2d 150, 152 (Alaska 1987). We have also recognized that when a pleading is dismissed on the basis of an affirmative defense, "resolution of [the] case is not found within the confines of Rule 12(b)(6) but rather in an analysis of [the defense]." *Id.* The defense asserted by McGee is the compulsory counterclaim rule contained in Civil Rule 13(a). Analysis of Civil Rule 13(a) is a matter of law over which this court may exercise its independent judgment. *Miller v. LHKM,* 751 P.2d 1356, 1359 n. 5 (Alaska 1988).

## A. THE TRIAL COURT ERRED IN DISMISSING PROVIDENCE WASHINGTON'S CLAIM ON THE BASIS OF CIVIL RULE 13(a).

■ Contribution is governed by the Alaska Uniform Contribution Among Tortfeasors Act (the Act), AS 09.16.010–.060. The Act creates a right to pro rata contribution between joint tortfeasors. AS 09.-16.010(a), (b). Insurers who pay to discharge the liability of a tortfeasor are subrogated to the tortfeasor's right of contribution. AS 09.16.010(e). The Act also establishes a right to pro rata contribution among all parties released in a settlement agreement if an agreement is construed as a satisfaction of judgment which extinguishes the liability of other tortfeasors. *Criterion Ins. Co. v. Laitala,* 658 P.2d 112, 115–17 (Alaska 1983). Finally, the Act grants a procedural right to sue in a separate action before liability has been determined. AS 09.16.030(a).

McGee argues that Providence Washington may not bring the instant suit because any claim for contribution should have been brought in the previous action of *McGee v. Varney,* 4FA–83–298 Civil. He bases this claim on Civil Rule 13(a).

This argument fails because Civil Rule 13(a) only applies to claims which are mature at the time pleadings are served. *See* 3 J. Moore, *Moore's Federal Practice* ¶ 13.14[1], at 13–82–84 (2d ed. 1985). In the case at bar, the claim for contribution did not accrue until after the last pleading was filed in *McGee v. Varney.* On January 13, 1984, McGee filed an amended complaint which was answered on January 16. Ice did not settle her claim until June 20, 1984.[6]

<hr>

5. Specifically, Judge Blair ruled:

This court agrees that the contribution claim in this case should have been brought as a counterclaim in Case No. 4FA–83–198. Rule 13 is designed to encourage and require the resolution of all disputes arising from the transaction or occurrence that is the subject of the opposing parties' claim. The purpose is to avoid duplicitous (sic) litigation for the benefit of litigants and the court system.

There is also a question of basic fairness. McGee had every reason to believe he was resolving all disputes arising from the accident of August 11, 1982 when he settled with Providence Washington Insurance Company. Allowing this case to proceed when it could and should have been resolved at the time of the initial settlement is simply unfair to McGee. Rule 13 is designed to prevent situations exactly like this one.

6. We here address only the Ice claim. Providence Washington's claim for property damage must be treated separately. It is not clear whether Providence Washington paid Turner under a collision policy or as a liability insurer of Varney. If Providence Washington paid as a liability insurer of Varney, dismissal would be appropriate if the liability of McGee to Turner for property damage was not extinguished by the settlement between Varney and Turner. *See* AS 09.16.010(d). If, however, Providence Washington paid Turner under a collision policy, the action can be maintained by Providence Washington as a direct action for negligence. Since this case must be remanded, the basis for Providence Washington's claim for property damage must be ascertained.

At that time Providence Washington paid the total claim.

■ We agree with those courts that hold that a claim for contribution is substantively separate from the underlying tort and does not arise until the contribution claimant has paid more than his or her proportionate share of the total claim. *See A Patient Care Center v. Ted Hoyer & Co.*, 498 So.2d 1381, 1382 (Fla.App.1986); *State ex rel. General Elec. Co. v. Gaertner*, 666 S.W.2d 764, 767 (Mo.1984); *Markey v. Skog*, 129 N.J.Super. 192, 322 A.2d 513, 517 (1974). The total amount of the liability to Ice first had to be established to determine proportions. That amount was not known until the June 20 settlement was reached. No cause of action for contribution accrued until it was determined that Providence Washington had paid one hundred percent of the settlement. Only at that time, assuming Providence Washington's allegations of McGee's negligence to be true, would Providence Washington have paid more than its proportionate share.[7] *See Criterion Ins. Co.*, 658 P.2d at 115–17; AS 09.16.010(b). Therefore, the claim for contribution could not have been a compulsory counterclaim until after June 20,[8] which was well past the date that responsive pleadings were required,[9] *see* Alaska R.Civ.P. 12(a), and as a result, the action is not now barred by Civil Rule 13(a).

**B. THE TRIAL COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT TO POWER COMMUNICATIONS ON THE ISSUE OF NEGLIGENT ENTRUSTMENT.**

■ In reviewing motions for summary judgment, this court may make an independent review to determine whether any issue of material fact remains to be litigated and whether any party is entitled to judgment on the relevant law. *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985); *Alaska Rent–A–Car v. Ford Motor Co.*, 526 P.2d 1136 (Alaska 1974).

Providence Washington based its claim of negligent entrustment on the following chain of allegations: "that McGee regularly drank alcoholic beverages, returned to work and drove the vehicle owned by Power Communications. Members of McGee's crew were aware of these practices." But these are merely allegations. Providence Washington did introduce evidence that McGee drank the night before the accident and twice on the date of the accident, but did not introduce evidence that McGee regularly drank. Nor, more importantly, did Providence Washington introduce evidence that McGee's supervisors at Power Communications had any reason to suspect that McGee drove while intoxicated.

Power Communications introduced evidence refuting Providence Washington's unsubstantiated allegations. John Teeter, a supervisor of McGee's, stated: "Mr. McGee never appeared to me to have been drinking alcohol on any occasion, either before or during working hours or while operating company vehicles." Teeter's affidavit is the only admissible evidence on this issue. Providence Washington attacked Teeter's affidavit, arguing that it "does not establish that other employees, co-workers and/or supervisors at Power Communications were not aware of

---

7. We observe that our holding here is not contrary to AS 09.16.030(a) which grants a procedural right to sue before liability has been determined. *See State ex rel. General Elec. Co.*, 666 S.W.2d at 767–68 (quoting 3 J. Moore, *Moore's Federal Practice* ¶ 14.08, at 14–52 (2d ed. 1985)) (analogizing a similar provision in the Uniform Comparative Fault Act to Federal Rule of Civil Procedure 14, which "may ... accelerate the right of contribution among joint tortfeasors even though such right is 'inchoate, unascertainable and contingent until [the joint tortfeasor] pays more than his proportionate share of the common liability.' ").

8. We decline to answer the question of whether the contribution claim would be compulsory after June 20. We merely hold that it could not possibly have been compulsory prior to that date.

9. We recognize that under Alaska R.Civ.P. 13(e) Providence Washington could have moved the court for leave to present the counterclaim by amendment. However, Rule 13(e) is permissive, not mandatory, and thus cannot be construed to have required Providence Washington to seek an amendment.

McGee's negligent driving and drinking habits." But Providence Washington's allegations were unsupported by admissible evidence and as a result are inadequate to rebut Power Communications' evidence. Thus, Power Communications met its burden of showing that no material fact remained in dispute and was correctly granted summary judgment.

## III. CONCLUSION

For the reasons stated above the trial court's decision is AFFIRMED in part, REVERSED in part, and REMANDED.[10]

MATTHEWS, Chief Justice, joined by RABINOWITZ, Justice, concurring.

My difference with the majority opinion is that it treats this case as though Providence Washington were seeking contribution as a subrogee of Turner, rather than of Turner and Varney. The former is the way Providence Washington initially pled this case. However, McGee, in his motion for judgment on the pleadings, assumed that Providence's action was derivative of Varney's rights: "If Mr. Varney cannot sue, they cannot sue." In response, Providence Washington argued that it was subrogated to the claims of Turner and of Varney. In reply, McGee pointed out that only a joint tortfeasor can sue for contribution, and since Turner had not been alleged to have been negligent, he was not a tortfeasor: "Unless and until plaintiff is willing to plead and prove that Mr. Turner is in some manner negligent, there simply is no right of contribution derived from him." There the matter rested until the eve of trial.

In Providence Washington's objections to McGee's proposed jury instructions, Providence Washington stated that Varney was the joint tortfeasor:

This is a complaint for contribution pursuant to AS 09.16.010. By definition, such an action is between joint tortfeasors and the claimant based on common liability. The plaintiff admits and

alleges in its initial complaint that the accident was caused by Varney's and McGee's negligent operation of their respective vehicles and that the two are liable for damages proximately resulting from the accident as joint and several tortfeasors.

Providence Washington went on to state: "By bringing this complaint, Varney has conceded his negligence and is asserting his right for contribution from a joint tortfeasor, Mr. McGee."

On appeal, Providence Washington claims subrogation rights both from Varney and Turner. McGee's brief as appellee optimistically states that Providence Washington has abandoned the theory that its contribution rights come from Turner. In reply, Providence Washington does not respond to the claim that it has abandoned its position that it·is a subrogee of Turner; however, its primary argument relates to its subrogation rights derivative from Varney.

Thus, Providence Washington seems to believe that it is suing as a subrogee of Turner and Varney, and McGee asserts that Providence Washington must be suing only as a subrogee of Varney. Both parties at least agree that Providence Washington claims subrogation rights from Varney. Under these circumstances it seems right to consider the complaint amended under Civil Rule 15(b) to state an additional contribution claim derived from Varney. *Indus. Indem. Co. v. Wicks Constr. Co.,* 680 P.2d 1100, 1103 (Alaska 1984); *Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir.1984).

Considering the complaint as so amended, I agree with the majority opinion that dismissal was inappropriate for the reasons there expressed.

---

10. As a result of this disposition we need not address Providence Washington's arguments regarding attorney's fees. Attorney's fees must be recalculated by the trial court at the conclusion of the proceedings on remand.