PER CURIAM.
This is an appeal by the plaintiffs Winn-Dixie Stores, Inc. and Insurance Co. of North America from an adverse final summary judgment entered in a contribution action. The plaintiffs had previously settled with an injured party who had sued them in a negligence action arising out of an automobile accident; the plaintiffs then brought this contribution claim against the defendant General Motors Corporation on the theory that the injured party’s damages in the automobile accident sued upon were, in part, proximately caused by the defective automobile which the injured party was driving at the time of the subject accident. We reverse the final summary judgment under review based on the following briefly stated legal analysis.
First, we conclude that a jury question is presented as to whether it was foreseeable that the injured party’s General Motors automobile would stall in traffic as a result of the allegedly defective engine in the automobile, and that the injured party would then be rear ended by another automobile. Plainly, the defendant’s allegedly defective automobile set in motion a chain of events which directly led to the injured party’s injuries, and, accordingly, the defect in the subject automobile was a cause-in-fact of such injuries. We further think a jury could reasonably conclude that if an automobile is manufactured and sold with a defective engine which is prone to stalling, as here, that such automobile is reasonably likely to become involved in traffic accidents while stalled on busy thoroughfares. We have not overlooked the defendant’s arguments to the contrary, but are not persuaded thereby. The trial court was therefore in error in entering summary judgment for the defendant on the ground that the accident sued upon was not, as a matter of law, proximately caused by the allegedly defective automobile which the defendant manufactured. Moss v. Ten Assocs., 524 So.2d 480 (Fla. 3d DCA 1988); Tieder v. Little, 502 So.2d 923 (Fla. 3d DCA), rev. denied, 511 So.2d 300 (Fla.1987); A Patient Care Center, Inc. v. Ted Hoyer & Co., 498 So.2d 1381 (Fla. 4th DCA 1986); Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983).
Second, we conclude that a jury question is also presented as to whether the repairs made to the subject engine by an authorized General Motors dealer in an effort to correct the stalling problem in the engine so substantially changed the engine from the condition in which it was sold as to absolve the defendant, as a matter of law, from any liability for the manufacturing defect therein. See King v. Douglas Aircraft Co., 159 So.2d 108 (Fla. 3d DCA 1963). In this connection, we think the trial court correctly rejected this argument below for summary judgment.
Reversed and remanded.
ON MOTION FOR CLARIFICATION
PER CURIAM.
The defendant General Motors Corporation has filed a motion for clarification which we hereby grant. First, we have not made any determination as to whether *1248 the subject automobile was defective or not; we have merely assumed, without deciding, that the automobile was defective solely for the purpose of resolving the issues involved in this appeal. Second, as is true in any case, the defendant is not foreclosed from filing another motion for summary judgment on any issue involved in this case, provided additional discovery, affidavits or other proof are adduced below which establish the defendant’s entitlement to summary judgment.
HUBBART and JORGENSON, JJ., concur.
SCHWARTZ, C.J., would deny the motion for clarification without opinion.