Jin Hee Lee DICKERSON, Appellant,

v.

Lisa GOODMAN, Appellee.

Nos. S–11497, S–12257.

Supreme Court of Alaska.

June 22, 2007.

Randall J. Weddle, Jeffrey D. Holloway, Selena R. Hopkins–Kendall, Matthew D. Regan, Holmes Weddle & Barcott, PC, Anchorage, and Joseph L. Paskvan, Paskvan & Ringstad, P.C., Fairbanks, for Appellant.

Paul W. Waggoner, Law Offices of Paul Waggoner, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

MATTHEWS, Justice.

## I. INTRODUCTION

Lisa Goodman sued Jin Hee Lee Dickerson. Dickerson answered but did not file a counterclaim. Dickerson's motion for summary judgment was granted and the case was dismissed with prejudice. Dickerson then moved to vacate the judgment so that she could file a counterclaim. This motion was denied. Next, Dickerson asserted the same claim in a new suit. This case was dismissed on the ground that the claim should have been asserted as a compulsory counterclaim in the first suit. Dickerson appeals the denial of her motion to vacate the judgment in the first suit and the dismissal of the second suit. We affirm both rulings.

## II. FACTS AND PROCEEDINGS

On October 5, 2002, motor vehicles operated by Goodman and Dickerson collided. On October 30, 2002, Goodman sued Dickerson for her injuries arising out of the collision. On November 29, 2002, Dickerson, who was represented by counsel, answered Goodman's complaint but did not file a counterclaim. The superior court entered a pretrial order requiring that motions seeking to amend pleadings be filed before May 28, 2003. Trial was set for April 19, 2004. The May 28, 2003 deadline passed with neither party seeking a pleading amendment. Dickerson moved for summary judgment. The motion was unopposed, and on March 12, 2004, the superior court granted the motion and dismissed the case with prejudice.

On March 31, 2004, Dickerson, acting through new counsel, sought to intervene in the case. Dickerson sought intervention to support an anticipated Alaska Civil Rule 60(b) motion to be filed by Dickerson's original counsel so that a counterclaim against Goodman could be filed and prosecuted. On April 15, 2004, Dickerson, through her original counsel, filed the Civil Rule 60(b) motion that had been forecast in the motion to intervene. As the reason for relief, she explained that English is not her first language and

that "as a result of [her] misunderstanding of her legal rights and obligations, she has not previously exercised her right to file a counterclaim against plaintiff." She also argued that Goodman would not be prejudiced if the motion was granted, noting that the two-year statute of limitations had not yet run.

On May 5, 2004, Superior Court Judge Richard D. Savell denied the motion to intervene, noting that "intervention is unavailable and unnecessary. Defendant has always been a party." Judge Savell also denied the Rule 60(b) motion, noting that the deadline for filing a counterclaim expired in May 2003. Dickerson filed a timely appeal from this denial.

Dickerson then filed a separate case against Goodman for damages resulting from the same accident. Goodman moved to dismiss, arguing that Dickerson's claim could only have been brought as a compulsory counterclaim in the earlier action and therefore was barred by Civil Rule 13(a) and the principles of res judicata. Superior Court Judge Robert B. Downes agreed with respect to the argument concerning Rule 13(a) and granted Goodman's motion to dismiss.[1] Dickerson appeals from this dismissal. The appeals have been consolidated.

## III. STANDARD OF REVIEW

■ We review a refusal to set aside a judgment pursuant to Civil Rule 60(b) for abuse of discretion.[2] Review of a dismissal based on Civil Rule 13(a) presents a question of law, which we review de novo.[3] A refusal to apply Civil Rule 94 is reviewed for abuse of discretion,[4] and questions of constitutional law are reviewed de novo.[5]

## IV. DISCUSSION

### A. The Civil Rule 60(b) Motion

■ Dickerson argues that the denial of her Rule 60(b) motion was error since her failure to assert her counterclaim in the first suit was justified. She claims that she misunderstood her rights, noting that English is not her first language. Dickerson also argues that she attempted to assert a counterclaim before the order dismissing the action was entered.

■ We conclude that the superior court did not abuse its discretion in denying Dickerson's motion. Under Rule 60(b)(1), a court "may relieve a party ... from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise or excusable neglect."[6] In exercising this discretion, courts should consider whether the moving party had good reason for failing to litigate effectively before dismissal.[7]

It appears to us that Dickerson's claim that she misunderstood her rights because English is not her first language lacks merit. No factual material was submitted indicating that Dickerson lacked an understanding of English to the extent that she could not understand that she would lose her right to assert a claim against Goodman unless she asserted it in a timely fashion in the original action. Dickerson was at all times represented by counsel. Her attorneys do not claim that they attempted to advise Dickerson of her rights in this respect and were unable to make their point. Dickerson's claim that she actually attempted to assert a counterclaim before the judgment was entered is not supported by the record. She cites as support for this proposition the mo-

---

1. Judge Downes found it unnecessary to decide whether the case was also barred by res judicata.

2. *Snyder v. Am. Legion Spenard Post No. 28*, 119 P.3d 996, 1001 (Alaska 2005); *Parks v. Brown*, 368 P.2d 220, 222 (Alaska 1962).

3. *See Providence Wash. Ins. Co. of Alaska v. McGee*, 764 P.2d 712, 714 (Alaska 1988); *Ellingstad v. State, Dep't of Natural Res.*, 979 P.2d 1000, 1004 (Alaska 1999).

4. *See City & Borough of Juneau v. Commercial Union Ins. Co.*, 598 P.2d 957, 960 (Alaska 1979).

5. *Rollins v. State, Dep't of Revenue, Alcoholic Beverage Control Bd.*, 991 P.2d 202, 206 (Alaska 1999); *State v. Anthony*, 810 P.2d 155, 156–57 (Alaska 1991).

6. Dickerson does not specify on appeal the subsection of Rule 60(b) under which she is entitled to relief. She was similarly noncommittal in the superior court. We assume Rule 60(b)(1) comes closest to fitting her claim.

7. *Harris v. Westfall*, 90 P.3d 167, 174–75 (Alaska 2004).

tion to intervene that she made on March 31, 2004. But this was more than two weeks after the order of dismissal with prejudice was entered.

■ Under the civil rules Dickerson's counterclaim should have been asserted with her answer that she filed on November 29, 2002.[8] Once Dickerson omitted the counterclaim she could have sought leave of court to plead it by amendment.[9] The deadline for seeking such an amendment as established by the pretrial order was May 28, 2003. Even after this deadline passed Dickerson could have sought leave to assert a counterclaim. If she had, a close question might have been presented as to whether leave should have been granted, especially if there was no prejudice to Goodman. But Dickerson did not seek leave to assert a counterclaim until after final judgment dismissing the case was entered. In our view, based on the absence of any justification for the delay in moving to amend, it was not an abuse of discretion to refuse to reopen the case at that point. We reach this conclusion even though no convincing showing of prejudice has been made by Goodman. Once a judgment is entered, the interests associated with maintaining the integrity of final judgments weigh heavily, and, as Rule 60(b) itself illustrates, more than a mere lack of prejudice on the part of the opponent is needed.

## B. Dismissal Under Civil Rule 13(a)

■ Dickerson's second suit was dismissed as barred by Rule 13(a). Dickerson states dismissal under this rule was error because her claim was not mature when she filed an answer to Goodman's claim and thus the rule does not apply. The gist of her argument is that the eight-week period between the accident and the time that she filed her answer was not long enough for her to evaluate and present her claim.

■ We conclude that the superior court properly dismissed Dickerson's second suit. Under Rule 13(a) a pleading must "state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Failure to assert a compulsory counterclaim bars a party from asserting it in subsequent suits.[10]

■ Rule 13(a) only bars claims "the pleader has" at the time of serving the answer. For purposes of Rule 13(a) a pleader "has" a claim and it therefore is mature when all of the elements of the claim are known or reasonably should be known.[11] When Dickerson filed her answer in the first suit, Dickerson knew of Goodman's allegedly negligent driving and also knew that she had suffered property damage and a significant personal injury.[12] A plaintiff need not know the full extent of her damages before her claim is mature.[13] As Judge Downes correctly observed,

maturity as used in Civil Rule 13(e) refers to claims which do not yet exist rather than those whose value or extent is not yet determined.... Here, although the Court agrees that Dickerson would not have been able to fully assess her claims at the time she filed a responsive pleading, she would certainly have been able to comply with the notice pleading requirements of Rule 8(a) and the verification requirements of

8. Under Civil Rule 13(a) the answer must include any compulsory counterclaims. A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing claim." Alaska R. Civ. P. 13(a). Since both Goodman's claim and Dickerson's counterclaim concern the same accident, Dickerson's counterclaim was compulsory.

9. Alaska R. Civ. P. 13(f).

10. *Andrews v. Wade & De Young, Inc., P.C.,* 950 P.2d 574, 576 (Alaska 1997).

11. *Andrews v. Wade & De Young, Inc., P.C.,* 875 P.2d 89, 91 (Alaska 1994).

12. The record indicates that shortly after the accident Dickerson had an MRI examination that showed a herniated disk. The MRI report was made some two weeks before Dickerson's answer.

13. *Cf. Wettanen v. Cowper,* 749 P.2d 362, 365 (Alaska 1988) (holding that the statute of limitations for attorney malpractice may begin to run before the plaintiff knows the full extent of his damages).

Rule 11. Should those averments later have proved incomplete or inaccurate, she could have amended her pleadings under Rule 15.

■ Dickerson also argues that the superior court in the second case should have granted her leave to include her counterclaim under Civil Rule 13(f). Rule 13(f) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." By providing for "amendment," Rule 13(f) permits a pleader to seek to assert an omitted counterclaim in the suit in which it was omitted. But Rule 13(f) does not encompass claims omitted in a previous case.[14]

## V. CONCLUSION

■ The judgments in both cases are AFFIRMED.[15]

---

**14.** *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1430 (3d ed.1998) (reporting on Federal Rule of Civil Procedure 13(f), which is essentially identical to Alaska Civil Rule 13(f)).

**15.** Dickerson raises two other points in the appeal of the second case that we determine summarily against her. The first is that the court erred in refusing to relax the rules under Civil Rule 94. We find no abuse of discretion. *See Jerrel v. Kenai Peninsula Borough Sch. Dist.*, 567 P.2d 760, 764–65 (Alaska 1977) (holding that the trial court did not abuse its discretion in refusing to relax the civil rules and hear a motion that was essentially "a filing long overdue"). Second, Dickerson argues that application of Rule 13(a) violates her due process rights. Due process guarantees that each person shall have notice and an opportunity to be heard. Dickerson was afforded both of these important rights but failed to avail herself of the latter.