443 So.2d 165 (1983)
HOME INSURANCE COMPANY and North River Insurance Company As Subrogees for Athlone Industries, Inc., Petitioners,
v.
ADVANCE MACHINE COMPANY, Respondent.
No. AV-55.
District Court of Appeal of Florida, First District.
December 12, 1983.
*167 J. Craig Knox of Fuller & Johnson, P.A., Tallahassee, for petitioners.
Thomas J. Jones of Holland & Knight, Tallahassee, for respondent.

ON PETITION FOR WRIT OF CERTIORARI
ERVIN, Chief Judge.
By petition for writ of certiorari, petitioners seek review of an interlocutory discovery order denying, in part, their motion to quash a notice of deposition and for protective order. Finding that the order departs from the essential requirements of law and may cause material injury not remediable by direct appeal, we grant the petition and quash, in part, the trial court's order.
This case arose in 1979 when a personal injury action was brought on behalf of a minor plaintiff who was seriously injured by a malfunctioning electric pitching machine. Named as defendants were the city of Calloway; Commercial Mechanisms, Inc., the original manufacturer; Athlone Industries, Inc., a distributor; and Advance Machine Company (Advance), the successor corporation to Commercial Mechanisms. During trial, plaintiffs announced that a settlement of $1,100,000.00 had been reached with Athlone. The settlement resulted in dismissal, with prejudice, of all claims the plaintiffs had asserted against all defendants. Home Insurance Company and North River Insurance Company, as subrogees for Athlone, then brought a contribution action against the remaining co-defendants.
Pursuant to its discovery in the contribution action, Advance served notice of taking depositions, and requested that representatives of the two insurers appear and answer questions on five subjects, including the following categories:
c) The reasonableness and good faith of the $1,100,000.00 payment by plaintiffs to Myron Johnson, a minor, and Betty S. Barcia, individually, for the damage claims as alleged in paragraphs 6 and 7 of the Complaint for Contribution.
d) Athlone Industries, Inc.'s share of the liability for the injuries to Myron Johnson as alleged in Exhibit A to the Complaint for Contribution, both as to the amount or percentage of liability and the method of calculation.
e) The identity of persons employed by or associated with plaintiffs and Athlone Industries, Inc., who participated in and/or approved the $1,100,000.00 settlement as alleged in the Complaint for Contribution.
The insurers then moved to quash the notice of deposition, and sought a protective order contending, among other things, that inquiry into the subject matter outlined in categories (c), (d) and (e) would violate the attorney-client privilege. The trial court granted in part the motion for protective order but, finding that "Plaintiffs have waived their attorney-client privilege by bringing this action for contribution", denied the motion insofar as it sought to preclude discovery as to categories (c), (d) and (e), and directed the insurers to designate representatives to testify as to those subjects.
The insurers seek review of that portion of the order which found they had waived the attorney-client privilege by simply bringing an action for contribution in which they alleged the settlement was reasonable, contending that the court's ruling departs from the essential requirements of law and results in irreparable harm. We agree.
*168 The Florida Legislature adopted in 1975 the Uniform Contribution Among Tortfeasors Act, thus creating a statutory right of action for contribution. Section 768.31, Florida Statutes, provides that contribution may be had under the following circumstances:
(2) RIGHT TO CONTRIBUTION. 
(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
* * * * * *
(d) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable.

(e.s.)
Advance successfully argued below that by simply bringing an action for contribution and injecting the requisite element of "reasonableness" of the settlement into issue, the insurers had effectively waived their attorney-client privilege insofar as such issue was concerned; therefore it was entitled to full discovery into that issue. Although it is the rule in Florida that a party who bases a claim on matters which would be privileged, the proof of which will necessitate the introduction of privileged matter into evidence, and then attempts to raise the privilege so as to thwart discovery, may be deemed to have waived that privilege, see Savino v. Luciano, 92 So.2d 817, 819 (Fla. 1957), the general and we think controlling rule is that the attorney-client privilege is not "waived by bringing or defending a suit." Burlington Industries v. Exxon Corporation, 65 F.R.D. 26, 35 (D.Md. 1974). The attorney-client privilege is of course "designed precisely to enable people to bring and defend lawsuits. Consequently, if the mere bringing of a lawsuit waived the privilege, it would have little meaningful existence." Connell v. Bernstein-Macaulay, Inc., 407 F. Supp. 420, 422 (S.D.N.Y. 1976).
As evidenced by Savino, exceptions to the general rule have been applied where the party seeking to avoid discovery has injected into the litigation issues going to the very heart of the litigation. See Hearn v. Rhay, 68 F.R.D. 574 (E.D.Wash. 1975); Pitney-Bowes, Inc. v. Mestre, 86 F.R.D. 444 (S.D.Fla. 1980). We do not consider, however, that a party's simple allegation in a contribution action that a settlement was reasonable, made in compliance with the statute, takes the case out of the general rule that the mere bringing of an action cannot be said to have waived the attorney-client privilege. As we determine that the trial court's ruling departs from the essential requirements of law, we grant the petition for certiorari and quash that portion of the order holding that petitioners waived the attorney-client privilege by merely bringing an action for contribution.
Petitioners also contend that Advance should be precluded from any discovery relating to the subject matter in categories (c), (d) and (e) of the notice of deposition because the issue of reasonableness of the settlement is to be determined by the trier of fact on the basis of objective factors only. To the contrary, however, we find that the case law on the subject refutes this position. It is true that the "test as to whether the settlement is reasonable and prudent is what a reasonably prudent person in the position of the defendant would have settled for on the merits of plaintiff's claim", Miller v. Shugart, 316 N.W.2d 729, 735 (Minn. 1982), and that certain objective factors may properly be considered in making that determination, including the extent of the plaintiff's injuries, his past, present and future medical expenses, his age and his ability to work. Stevens v. East-West Towing Company, Inc., 470 F. Supp. 484, 488-489 (E.D.La. 1979). At the same time, certain subjective factors may also be appropriately considered, *169 including the degree of certainty of the tortfeasor's subjection to liability, the risks of going to trial and the chances that a jury verdict may exceed the settlement offer. Miller, 316 N.W.2d at 735; Stevens, 470 F. Supp. at 489. In rejecting petitioner's contention that only objective factors are to be considered, thereby precluding the necessity for discovery in this case, we are persuaded by the somewhat unique procedural aspects of an action for contribution.
The contribution claimant must, of course, plead and prove that the contribution defendant is jointly negligent, see Beaches Hospital v. Lee, 384 So.2d 234 (Fla. 1st DCA 1980), as well as the fact that the settlement amount was not in excess of what is reasonable. The general rule, nevertheless, is that a prima facie case is made if the claimant establishes common liability and introduces proof of the fact of and the amount of the settlement reached. See 18 Am.Jur.2d Contribution § 107 (1965); Consolidated Coach Corporation v. Burge, 245 Ky. 631, 54 S.W.2d 16 (1932). The burden then shifts to the defendant to show, if possible,
the nonexistence of any fact essential or necessary to establish that he was liable at the time to the injured person, or he may show that the amount paid by the claimant in settlement was not paid in good faith or was unreasonable or excessive.

18 Am.Jur.2d Contribution § 107 at 145 (1965) (e.s.). See also Burge, 54 S.W.2d at 18; Traveler's Insurance Company v. United States, 283 F. Supp. 14, 31 (S.D.Tex. 1968). If the defendant is successful in showing the amount paid in settlement was unreasonable or excessive, his liability for contribution will be reduced to a pro rata share of that amount which would in the jury's mind be determined reasonable. Young v. Steinberg, 53 N.J. 252, 250 A.2d 13, 14-15 (1969).
In that both objective and subjective factors are to be considered in deciding the reasonableness of a settlement, along with the burden placed on the contribution defendant to show, if he can, that the settlement exceeded a reasonable amount, we cannot say that discovery of matters set out in categories (c), (d) and (e) of the deposition notice must necessarily be precluded. Indeed, petitioners have conceded in their motion for protective order that some of the information sought may fall outside the ambit of the attorney-client privilege, while other information may come within it. As stated in Young, Stern & Tannenbaum, P.A. v. Smith, 416 So.2d 4, 5 (Fla. 3d DCA 1982): "Only those communications which actually fall under the attorney/client privilege are protected." (e.s.) See also Section 90.502, Florida Statutes (1981). We therefore reject petitioners' suggestion that their motion for protective order should have been granted in its entirety.
To summarize, we hold that portion of the trial court's order finding that petitioners have waived their attorney-client privilege entirely by simply bringing an action for contribution is a departure from the essential requirements of law, and therefore grant the petition for certiorari and quash that portion of the order. We reject, however, petitioners' contention that discovery into matters set out in categories (c), (d) and (e) of the notice of deposition must be totally precluded on the theory that objective factors only are to be considered in determining the reasonableness of the settlement. Although at this juncture we decline to quash the remaining portions of paragraph 3 of the order which direct petitioners to designate representatives to testify as to the matters in categories (c), (d) and (e) of the notice, we do so without prejudice to petitioners' right to seek a protective order or raise the attorney-client privilege during deposition should specific communications and information be shown to fall within that privilege.
Petition for writ of certiorari is GRANTED and paragraph 3 of the order is QUASHED in part, and the cause is remanded *170 for further proceedings consistent with this opinion.
THOMPSON and NIMMONS, JJ., concur.