919 So.2d 535 (2006)
Carlos CHOMAT and Elena Chomat, Petitioners,
v.
NORTHERN INSURANCE COMPANY OF NEW YORK and Seitlin & Company, Respondents.
No. 3D05-1452.
District Court of Appeal of Florida, Third District.
January 11, 2006.
Rehearing Denied February 14, 2006.
*536 Hunter, Williams & Lynch and Christopher J. Lynch, for petitioners.
Lane Reese Aulick Summers & Ennis; McKenna Long & Aldridge and J. Randolph Evans; Bernstein, Chackman & Liss and Julia Luyster, Hollywood; Kluger, Peretz, Kaplan Berlin and Michael S. Perse, Miami, for respondent Northern Insurance Company of New York.
Bernstein, Chackman & Liss and Julia Luyster and Steven J. Chackman, Hollywood, for respondent Seitlin & Company.
Burlington & Rockenbach, West Palm Beach, for the Academy of Florida Trial Lawyers as amicus curiae.
Before COPE, C.J., and FLETCHER and CORTIÑAS, JJ.
COPE, C.J.
By petition for writ of certiorari, the petitioners challenge a trial court order ruling that the attorney-client privilege has been waived in this litigation arising out of a Coblentz[1] agreement. We grant the petition in part and deny it in part.

I.
Carlos Chomat, an employee of Southeastern Paper Products Export, Inc., suffered severe injuries in a workplace accident, which caused the loss of most of his fingers on both hands. Mr. Chomat and his wife ("plaintiffs") filed suit against Southeastern and three corporate officers, Luis, Fernando, and Alvaro Siman.
Respondent Northern Insurance Company was the umbrella insurance carrier for Southeastern. It denied coverage.
Southeastern and the individual defendants entered into a Coblentz settlement agreement and consent judgment with the plaintiffs. The amount of the judgment was $13.1 million for Mr. Chomat and $2 million for Mrs. Chomat. Southeastern and the individual defendants assigned to *537 the plaintiff any cause of action they had against Northern Insurance Company and respondent Seitlin & Co., Southeastern's insurance agent. The plaintiffs entered into a covenant not to execute on Southeastern or the individual defendants. In the meantime Southeastern had filed for bankruptcy and the bankruptcy trustee joined the settlement agreement.
Southeastern and the individual defendants had filed a declaratory judgment action against Northern and Seitlin, seeking a declaration either that there was coverage under the policy issued by Northern, or alternatively that Seitlin had either breached a contract or been negligent in failing to procure coverage. Once the settlement agreement was executed, the Chomats were substituted as plaintiffs in the pending declaratory judgment action.
In the declaratory judgment action, the trial court ruled that there was coverage under the umbrella policy issued by Northern Insurance Company. The court granted summary judgment for Seitlin finding that Seitlin had procured the desired insurance coverage.[2]
Following the trial court's ruling on the coverage issue, Northern set the depositions of the settling parties' counsel. Northern seeks discovery regarding the reasonableness and good faith of the Coblentz agreement. The plaintiffs filed a motion for protective order raising attorney-client and work product privileges. Northern opposed the motion, contending that the parties had waived those privileges. The trial court denied the motion for protective order, and the plaintiffs have petitioned for a writ of certiorari.

II.
Where an injured party wishes to recover under a Coblentz agreement, "the injured party must bring an action against the insurer and prove coverage, wrongful refusal to defend, and that the settlement was reasonable and made in good faith." Quintana v. Barad, 528 So.2d 1300, 1301 n. 1. (Fla. 3d DCA 1988) (citing Steil v. Florida Physicians' Ins. Reciprocal, 448 So.2d 589, 592 (Fla. 2d DCA 1984); Shook v. Allstate Ins. Co., 498 So.2d 498 (Fla. 4th DCA 1986)). The claimant must "assume the burden of initially going forward with the production of evidence sufficient to make a prima facie showing of reasonableness and lack of bad faith, even though the ultimate burden of proof will rest upon the carrier." Steil, 448 So.2d at 592.[3]See Quintana, 528 So.2d at 1301 n. 1; see also Independent Fire Ins. Co. v. Paulekas, 633 So.2d 1111 (Fla. 3d DCA 1994).
Both sides agree that the plaintiffs' filing of the action against the insurer and initial burden of going forward do not, without more, create a waiver of the attorney-client privilege. See Metropolitan Life Ins. Co. v. Aetna Casualty and Surety Co., 249 Conn. 36, 730 A.2d 51, 61 (1999) (citations omitted); Lee v. Progressive Express Ins. Co., 909 So.2d 475, 477 (Fla. 4th DCA 2005); Home Ins. Co. v. Advance *538 Machine Co., 443 So.2d 165, 168 (Fla. 1st DCA 1983).
Northern maintains, however, that there is a waiver under the circumstances of this case. Northern took the deposition of the bankruptcy trustee for Southeastern as well as the depositions of two of the individual defendants. When Northern asked the deponents about their knowledge of whether the settlements were reasonable, the deponents indicated that their information came from counsel. When Northern asked the substance of the advice of counsel, there was an objection on grounds of attorney-client privilege.
Since reasonableness is a threshold issue as to which the plaintiffs bear the initial burden of going forward, Northern argues that the privilege is waived either because the issue of reasonableness has been injected by the plaintiffs into the case, or because the privileged communication is properly viewed as a communication necessary to an adverse party under section 90.510, Florida Statutes (2005). Under the circumstances present here, we reject Northern's argument.
The determination of whether a settlement is reasonable is made by a "reasonable person" standard. If counsel's advice were required to be disclosed, it would still not be binding on the insurance company. Instead, proof of reasonableness is ordinarily established through use of expert witnesses to testify about such matters as the extent of the defendant's liability, the reasonableness of the damages amount in comparison with compensatory awards in other cases, and the expense which would have been required for the settling defendants to defend the lawsuit.
As the First District Court of Appeal has said in an analogous case, "We do not consider . . . that a party's simple allegation in a contribution action that a settlement was reasonable, made in compliance with the statute, takes the case out of the general rule that the mere bringing of an action cannot be said to have waived the attorney-client privilege." Home Ins. Co. v. Advance Machine Co., 443 So.2d at 168. We agree with the First District's logic and see no waiver here.
In addition to making a prima facie showing of reasonableness, the plaintiffs must also make a prima facie showing of good faith. Here, too, making a prima facie case does not implicate privileged information. Without attempting a comprehensive definition, we think a bad faith claim includes a false claim,[4] or collusion in which the plaintiffs agree to share the recovery with the insured. These matters involve the underlying facts of the case and do not involve the injection of privileged matters.
Northern relies on GAB Business Services, Inc. v. Syndicate 627, 809 F.2d 755 (11th Cir.1987), but that case is distinguishable from the present one. The GAB decision did not involve a wrongful denial of insurance coverage. In GAB, an insurance syndicate insured a racehorse which died after being poisoned, apparently by its trainer. The insurer settled with the owner prior to trial for $250,000 even though the racehorse did not appear to be worth nearly that much. The insurer then sued the insurance adjuster, maintaining that negligence by the adjuster had forced the insurer to settle. Since the insurer was the plaintiff in the case against its *539 adjuster, and since the insurer had injected into the litigation the claim that it would not have settled the underlying litigation with its policyholder had it not been for the negligence of the adjuster, the federal Eleventh Circuit held that by injecting this issue into the litigation, the insurance syndicate had waived the attorney-client privilege. The reasoning of GAB does not apply in the context of a Coblentz agreement.
For the stated reasons, we conclude that there was no blanket waiver of the attorney-client privilege on the question whether the Coblentz agreement was reasonable and in good faith.

III.
Northern Insurance argues alternatively that the written settlement agreement entered into between the plaintiffs, Southeastern, and the individual defendants expressly waived the attorney-client privilege. We agree with that argument in part.
Paragraph 12 of the settlement agreement states, "SOUTHEASTERN has been advised by prior corporate counsel and LUIS SIMAN, FERNANDO SIMAN, [AND] ALVARO SIMAN have been advised by their personal counsel, that in their opinion, the case, if tried before a jury, would result in a verdict of liability." (Emphasis added). The statement just quoted reveals the substance of the legal advice of the indicated counsel to their respective clients. Thus, the quoted sentence does waive the attorney-client privilege as to the stated issue: the opinion of counsel that "the case, if tried before a jury, would result in a verdict of liability." See Procacci v. Seitlin, 497 So.2d 969 (Fla. 3d DCA 1986). We conclude that the privilege has been waived to the extent stated, but is not a general waiver regarding other issues.
Elsewhere in the settlement agreement there are recitations that the parties had consulted with counsel regarding the underlying tort action and the settlement agreements. Those recitations do not disclose the substance of the legal advice given. Accordingly, those statements do not accomplish a waiver of the attorney-client privilege. See Courville v. Promedco of Southwest Florida, Inc., 743 So.2d 41, 42 (Fla. 2d DCA 1999).

IV.
For the stated reasons, we grant the petition for writ of certiorari and quash the trial court's order, except with respect to the quoted sentence of paragraph 12 of the settlement agreement.
Certiorari granted in part, denied in part.
NOTES
[1] Coblentz v. American Surety Co. of New York, 416 F.2d 1059 (5th Cir.1969).
[2] The final summary judgment in favor of Seitlin was reversed in this court's case number 3D05-488 on December 21, 2005.
[3] The Second District's Steil decision has said the prima facie showing must be of "reasonableness and lack of bad faith." Steil, 448 So.2d at 592. For ease of expression this court has restated the test as being whether "the settlement was reasonable and made in good faith," Quintana, 528 So.2d at 1301 n. 1.

The trial court cited a more elaborate test found in Taylor v. Safeco Ins. Co., 361 So.2d 743, 746 (Fla. 1st DCA 1978). The Taylor case is not applicable here, for it did not involve a wrongful denial of insurance coverage.
[4] As amicus points out, under the Evidence Code there is no lawyer-client privilege when "[t]he services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew was a crime or fraud." § 90.502(4)(a), Fla. Stat. (2005).