SCHWARTZ, Senior Judge.
The petitioner Virgin Records America, Inc., was the plaintiff in an action for, inter alia, indemnification by the respondent Skystream, Inc., of a large settlement[1] Virgin had paid several plaintiffs in an airplane crash-wrongful death case. It seeks certiorari review of an order holding that Skystream was entitled to production of various communications between Virgin and its attorneys prior to the settlement. While it is admitted that the material would otherwise be subject to the attorney-client privilege, the trial court held that the privilege had been waived simply by bringing the indemnity action, because the attorney’s advice as to the reason for the settlement went to the “heart” of that claim.
We disagree and quash the order under review in its entirety. It is quite apparent that the only elements in a case such as this which must be proven by the indemni-tee are that, under the facts of the underlying case (1) the indemnitee was guilty of no negligence whatever and (2) its exposure to liability was based entirely on a vicarious or other derivative relationship with the indemnitor. See Dade County Sch. Bd. v. Radio Station WQBA 731 So.2d 638 (Fla.1999); Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla.1979). Unlike a case in which the alleged bad faith of the claimant is involved, see Allstate Indem. Co. v. Ruiz, 899 So.2d 1121 (Fla.2005), and the basis for its conclusion to settle the action is therefore in direct controversy, the content of the attorney’s advice has nothing to do with the ultimate resolution of the case. Hence, the trial court’s conclusion to the contrary cannot be upheld. See S. Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377 (Fla.1994)(noting that the attorney-client privilege applies to confidential communications made in the rendition of legal services to a client); Certain London Mkt. Insurers v. Associated Aviation Underwriters, Inc., 891 So.2d 601 (Fla. 1st DCA 2005)(concluding that opinions of attorney and law firm regarding the settlement value of the underlying case were protected by the attorney-client privilege); Home Ins. Co. v. Advance Mach. Co., 443 So.2d 165 (Fla. 1st DCA 1983)(holding that a party’s simple allegation in a contribution action that a settlement was reasonable does not take a case out of the general rule that merely bringing an action does not waive the attorney-client privilege); see also Eastern Air Lines, Inc. v. U.S. Aviation Underwriters, Inc., 716 So.2d 340, 343-44 (Fla. 3d DCA 1998)(citing Remington Anns Co. v. Liberty Mut. Ins. Co., 142 F.R.D. 408, 412 (D.Del.1992), and observing “[b]eeause a plaintiff puts a question ‘at issue’ which would normally be, as in this case, creating a divergence of claims between the parties who would normally be on the same side, does not in itself mean that the plaintiff has to give up, blanket-wise, all of the privileges that have been bestowed upon attorneys by law”).
Certiorari granted.

. The respondent does not contest the reasonableness of the amount of the settlement.