ROTHENBERG, J.
 

 Telemundo Television Studios, LLC, appeals the final summary judgment entered in favor of Aequicap Insurance Company (“the Insurer”) in the Insurer’s action for declaratory judgment, in which the Insurer sought a finding of no coverage for a motor vehicle accident involving its Insured, Galloway Heavy Hauling, Inc., (“Galloway”) and Telemundo. Because Galloway failed to disclose to the Insurer that Joel Mons, the driver involved in the accident, would be driving Galloway’s vehicle, as was required under the policy, the trial court properly granted summary judgment in favor of the Insurer.
 

 The November 2006 accident involved three vehicles, including one driven by Joel Mons and owned by Galloway and one owned by Telemundo. Following the accident, Telemundo filed a claim with the Insurer, which issued a policy to Galloway in September 2006. The insurance policy provides in pertinent part:
 

 No coverage will apply to any driver newly placed in service after the policy begins until you report that driver to us and we advise you in writing that he/she is acceptable to us and that he/she is covered under the policy. Coverage on any such driver newly placed in service will become effective as of the date and time we advise you he/she is acceptable and that they are covered by the policy and not before.... Only such drivers listed as the [sic] date of this policy begins, on the schedule in the original application signed by you, and not otherwise excluded are covered as of the date this policy begins.
 

 The policy further states, “All additional drivers must be reported to the Company and approved prior to operation of any insured unit. A Motor Vehicle Report (MVR) will be ordered and reviewed and insured will be notified of the acceptability of additional drivers.” It is undisputed that pursuant to the policy, Galloway was required to disclose Mons as a driver as a condition to coverage of Mons and that Galloway failed to disclose him to the Insurer.
 

 
 *809
 
 Where the language of an insurance policy is clear and unambiguous, “it must be construed to mean what it says and nothing more.”
 
 Gen. Sec. Ins. Co. v. Barrentine,
 
 829 So.2d 980, 981 (Fla. 1st DCA 2002). An insured’s “failure to comply with the requirements of the policy is fatal to his claim that the truck was insured” because “[c]ourts have no power to create insurance coverage, if it does not otherwise exist by the terms of the policy.”
 
 Id.
 
 at 981-82;
 
 see also Duncan Auto Realty, Ltd. v. Allstate Ins. Co.,
 
 754 So.2d 863, 864-65 (Fla. 3d DCA 2000) (holding that “since courts have no power to create insurance coverage where none otherwise exists, ... we must give this unambiguous contract of insurance its effect as written”) (citations omitted).
 

 The insurance policy at issue here is clear and unambiguous in stating that all drivers must be reported to the Insurer, and thus, does not afford coverage for the accident involving Mons, the non-disclosed driver. The trial court, therefore, properly granted summary judgment in favor of the Insurer.
 

 Affirmed.