EMAS, J.
Luis Alfredo Rodriguez, individually and as personal representative of the Estate of Alfred Rodriguez, and as assignee of Eduardo Olivera, appeals a final summary judgment entered in favor of Security National Insurance Company (“SNIC”).[1] For the reasons that follow, we affirm.
On January 31, 2009, Alfred Rodriguez (“Alfred”) was killed while riding his motorcycle when he was struck by a vehicle owned by Eduardo Olivera.[2] Alfred’s father, Luis Rodriguez (“Rodriguez”) was appointed personal representative of his son’s estate, and sued Olivera for wrongful death. Olivera entered into a Coblentz[3] agreement with Rodriguez and agreed to a consent judgment of $2.5 million, in exchange for assigning his rights to a claim against his insurance company, SNIC. SNIC had refused coverage for the accident because Olivera’s policy[4] expired on December 6, 2008, nearly two months prior to the accident.[5]
Rodriguez amended the complaint to add SNIC as a party, and added claims against SNIC for breach of contract, en *522 forcement of judgment and bad faith in denying coverage to Olivera. Rodriguez alleged SNIC was required to place Oliv-era on notice that his policy was about to expire, and that SNIC failed to do so. Therefore, Rodriguez alleged, the policy was in full force and effect on the date of the accident, and SNIC breached the insurance contract and acted in bad faith in denying coverage.
In response, SNIC asserted it did mail expiration notices to Olivera twice before his policy expired, and also that it mailed him a notice of expiration after the policy expired. The notices had all been sent to the address listed on Olivera’s insurance application and on the policy declarations sheet — 5005 Collins Avenue, Miami Beach, Florida 33140. However, according to Olivera, the address was missing his apartment number, and therefore, Rodriguez asserted, Olivera did not receive any of the notices mailed by SNIC.
SNIC also filed a counterclaim for declaratory judgment, seeking a determination that no coverage existed under Oliv-era’s policy on the date of the accident.
SNIC later moved for summary judgment, arguing that under Florida law, SNIC was not required to provide written notice of the policy lapse, and thus, any defect in Olivera’s mailing address was irrelevant. Further, SNIC argued that even if it was required to send Olivera a pre-lapse notification, it complied with the requirement by mailing the notices to the address shown in the policy.
Following a hearing, the trial court granted SNIC’s motion for summary judgment, finding the policy had lapsed prior to the accident, and therefore, there was no coverage and SNIC did not act in bad faith in handling the claim and had no duty to pay the consent judgment, attorney’s fees or costs. Final judgment was thereafter entered and this appeal followed. We review de novo the trial court’s entry of final summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000).
Rodriguez claims SNIC was required to provide notice to Olivera, prior to the policy lapse date, that a premium was due. Rodriguez relies for this proposition upon sections 627.728(l)(c) and (4)(a), Florida Statutes (2009). Section 627.728(4)(a) provides:
No insurer shall fail to renew a policy unless it mails or delivers to the first-named insured, at the address shown in the policy, and to the first-named insured’s insurance agent at her or his business address, at least 45 days’ advance notice of its intention not to renew; and the reasons for refusal to renew must accompany such notice. This subsection does not apply:
1. If the insurer has manifested' its willingness to renew; or
2. In case of nonpayment of premium.
... Unless a written explanation for refusal to renew accompanies the notice of intention not to renew, the policy shall remain in full force and effect.
“Nonpayment of premium” is defined in section 627.728(1)(c) as a
failure of the named insured to discharge when due any of her or his obligations in connection with the payment of premiums on a policy or any installment of such premium ....
Rodriguez contends that the use of the phrase “when due” in defining “nonpayment of premium” (section 627.728(l)(c) above) means that nonpayment of a premium can occur only after the insurer has provided notice of when the payment is due and the amount of the premium. Thus, Rodriguez argues, the failure to pro *523 vide notice of payment due negates the “nonpayment of premium” exception for the notice requirement of section 627.728(4)(a).[6]
We need not reach this issue, however.[7] Even if SNIC was statutorily required to provide reasonable notice of payment due in advance of the due date, the undisputed facts establish that SNIC did in fact send notice to Olivera prior to the policy lapse date, advising that a renewal premium was due in order to maintain his policy in force. Nevertheless, Rodriguez argues that SNIC’s mailing of the renewal offers and notice of expiration was insufficient to terminate the policy prior to the accident date. We do not agree.
Section 627.728(5), Florida Statutes (2009) provides:
United States proof of mailing or certified or registered mailing of notice of cancellation, of intention not to renew, or of reasons for cancellation, or of the intention of the insurer to issue a policy by an insurer under the same ownership or management, to the first-named insured at the address shown in the policy shall be sufficient proof of service.
(Emphasis added).
The relevant provisions of the insurance policy provide:
NONRENEWAL
If we decide not to renew or continue this policy, we will mail notice to you at the address shown in our records. Notice will be mailed at least 45 days before the end of the policy period.
[[Image here]]
PROOF OF MAILING
We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
(Emphasis added).
On November 2, 2008, more than a month before the last day of the policy period (December 6, 2008), SNIC sent a renewal offer to Olivera at 5005 Collins Avenue, Miami Beach, Florida, 33140 — the very address listed on Olivera’s policy. It sent a “renewal reminder” to Olivera on November 24, 2008, to the same address. Ten days after the policy lapsed, SNIC sent Olivera a notice of policy expiration, once again to the same address. Rodriguez does not dispute that SNIC established proof of mailing of these notices to the address listed in the policy; he claims, however, that the notice was defective because the address did not contain Olivera’s apartment number. However, Olivera failed to include any apartment number in his insurance application, and no apartment number appears on his policy declarations page.
*524 We hold that SNIC provided sufficient proof of notice by mailing the renewal offers and notice of policy lapse to the address provided by Olivera in his application, which was the very same address contained in the policy and on the declarations page. “The law is clear that an insurer’s proof of mailing of a notice of cancellation to the insured prevails as a matter of law over the insured’s denial as to its receipt.” Ruiz v. Fortune Ins. Co., 677 So.2d 1336 (Fla. 3d DCA 1996).[8]
Affirmed.

. All other parties involved in the litigation were either voluntarily dismissed or are not parties to this appeal.

. Olivera's vehicle was driven with his consent by Robert Zaid Alsina, who was also named in the complaint, but was later voluntarily dismissed.

. Coblentz v. Am. Surety Co. of New York, 416 F.2d 1059 (5th Cir.1969). A Coblentz agreement is a negotiated settlement in which the defendant agrees to a consent judgment and assigns, to the injured party, any cause of action the defendant had against the defendant's insurer. The injured party must thereafter "prove coverage, wrongful refusal to defend, and that the settlement was reasonable and made in good faith." Chomat v. Northern Ins. Co. of New York, 919 So.2d 535, 537 (Fla. 3d DCA 2006).

. The policy contained limits of $10,000/$20, 000 for bodily injury.

. The coverage period for the policy at issue was June 6, 2008 to December 6, 2008.

. Rodriguez cites Hepler v. Atlas Mutual Insurance Co., 501 So.2d 681 (Fla. 1st DCA 1987) in support of this argument. In Hepler, the First District construed the “when due” language of section 627.728(l)(c) to “require that reasonable notice of the premium amount be given in advance of the due date before the insured may be deemed to have failed to discharge any obligation under the policy to pay the premium.” Id. at 686. The court noted that this construction “protects against the insured’s inadvertent failure to remember when premiums are due and prevents insurers from avoiding the notice requirements by withholding notification of the premium amount and allowing the policy to expire for nonpayment of the renewal premium.” Id. See also, Boman v. State Farm Mutual Auto. Ins. Co., 505 So.2d 445 (Fla. 1st DCA 1987)(released the same day as Hepler and reaching the same conclusion in construing this statutory provision).

. Because we do not reach this issue, we need not decide whether, as SNIC contends, Hepler and Boman conflict with our decision in Williams v. Security Mutual Casualty Co., 377 So.2d 733 (Fla. 3d DCA 1979).

. We reject Rodriguez’s argument that SNIC should have known Olivera's complete address (i.e., his apartment number), based on a document prepared by a property appraiser and found in the insurer’s policy file. We find without merit Rodriguez's argument that SNIC was required to glean from this property appraiser’s report that Olivera's address was incomplete. SNIC properly relied on the application information provided by Olivera, and the address listed on the policy, as the address to which notice was to be mailed. Moreover, a review of the property appraiser’s report (which was not generated by SNIC or Olivera and was not sent to SNIC by Oliv-era) reveals that the address contained thereon is of a different apartment number than the one claimed to be Olivera’s apartment number.