[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15109

_____

D.C. Docket No. 2:15-cv-00404-SPC-CM

KALANDRA LEWIS,
CHRISTOPHER LEWIS,

Plaintiffs - Appellants,

versus

EVANSTON INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2017)

Before HULL, MARCUS and CLEVENGER,[*] Circuit Judges.

PER CURIAM:

_____

[*]Honorable Raymond C. Clevenger, United States Circuit Judge for the Federal Circuit,
sitting by designation.

Kalandra Lewis and Christopher Lewis (collectively, the "Lewises") appeal the district court's grant of summary judgment in favor of Evanston Insurance Company ("Evanston").

On June 14, 2012, Kalandra Lewis suffered various injuries, including a stroke, from a massage given to her at Serenity Spa for Total Health and Relaxation, Inc. ("Serenity Spa") in Lee County, Florida. Serenity Spa is a corporation owned by Denise Vega. Hanzel Alpizar, a licensed massage therapist at Serenity Spa, performed the massage that caused Kalandra's injuries. Vega did not perform the massage.

At the time Kalandra suffered her injuries, Vega held a Medical Professions Professional Liability Policy ("the policy") from Evanston. The policy lists Vega individually as an insured.[1] Serenity Spa is not an insured.

Under the policy, Evanston agreed to pay all claims "by reason of any act, error or omission in Professional Services rendered or that should have been rendered by the Insured [Vega] and arising out of the conduct of the Insured's [Vega's] Professional Services." The policy defined Professional Services to include "[m]assage and [r]elated [m]odalities." Even if "rendered" could mean done by the Insured herself or provided by the Insured, the omission or negligence still has to arise out of the Insured's Professional Services. Additionally, in

---

[1]The policy also lists Victory Property Management as an additional insured, but this case does not involve that insured.

2

Exclusion B, the policy excluded coverage for "liability arising out of the insured's activities in his/her capacity as proprietor, superintendent, executive officer, director, partner, trustee or employee of . . . [any] business enterprise . . . not named as an Insured under this policy."

In December 2012, the Lewises filed a civil action against Serenity Spa, Vega, and Alpizar in Florida state court, alleging negligence and loss of consortium in relation to Alpizar's massage and to the massage injuries that Kalandra suffered. The Lewises' operative state court complaint included a vicarious liability claim against Vega and alleged that Alpizar was under Vega's "supervision, employ, and control" when Alpizar performed the massage.

Evanston received notice of the operative state court complaint and the claims therein against Vega, the only named insured under the policy. On April 21, 2014, Evanston notified Vega that it would not defend or indemnify her, as it did not believe that the policy provided coverage for the massage injuries caused by Alpizar or for the vicarious liability claim alleged against Vega.

On March 3, 2015, Vega entered into a <u>Coblentz</u> agreement[2] with the Lewises. Pursuant to the agreement, Vega assigned any causes of action she might have against Evanston to the Lewises and consented to the entry of a $500,000.00 judgment against her. In exchange, the Lewises agreed not to execute on the consent judgment against Vega.

On July 2, 2015, the Lewises, as Vega's assignees, filed a civil action against Evanston in Florida state court. Through their complaint, the Lewises sought a declaration that the Evanston insurance policy covered the Lewises' vicarious liability claim against Vega for Alpizar's negligence. The Lewises also alleged that Evanston breached the insurance policy by wrongly disclaiming vicarious liability coverage. On the day the Lewises filed their complaint, Evanston removed the action to the United States District Court for the Middle District of Florida.

Once in district court, the parties filed cross motions for summary judgment on their competing interpretations of the Evanston insurance policy.

---

[2]<u>Coblentz v. Am. Sur. Co. of N.Y.</u>, 416 F.2d 1059 (5th Cir. 1969). A <u>Coblentz</u> agreement allows an insured to "enter into a reasonable settlement agreement with the [plaintiff] and consent to an adverse judgment for the policy limits that is collectable only against the insurer." <u>Perera v. U.S. Fid. & Guar. Co.</u>, 35 So. 3d 893, 900 (Fla. 2010). Florida law recognizes the validity of such agreements. <u>See</u> <u>Chomat v. N. Ins. Co. of N.Y.</u>, 919 So. 2d 535, 537 (Fla. Dist. Ct. App. 2006).

4

On June 17, 2016, the district court granted summary judgment in favor of Evanston, concluding that the policy did not cover Vega's vicarious liability for the massage performed by Alpizar.

After careful review, and with the benefit of oral argument from counsel for both parties, we find no reversible error in the district court's order dated June 17, 2016, concluding that Evanston's policy did not provide coverage here and granting summary judgment in favor of Evanston.

**AFFIRMED.**