# Third District Court of Appeal

## State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1400
Lower Tribunal No. 22-5287-CA-01
_____

**Elizabeth Fojon,**
Appellant,

vs.

**Ascendant Commercial Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Law Offices of Charles M-P George, and Charles M-P George, Florida Legal, LLC, and Raymond R. Dieppa, for appellant.

Kiernan Trebach, LLP, and Wendy Stein Fulton (Fort Lauderdale), for appellee.

Before LOGUE, C.J., and MILLER and GOODEN, JJ.

GOODEN, J.

Elizabeth Fojon appeals the final summary judgment entered in favor of Ascendant Commercial Insurance Company. Fojon raises two issues on appeal. We affirm the final summary judgment in all respects and write only to address the first issue.

Ascendant issued a Commercial Automobile For-Hire liability policy to USA Taxi and Taxi Runner Inc. for the policy period of September 23, 2017 to September 23, 2018. The policy required all drivers and all vehicles to be scheduled.

In pertinent part, the policy provides:

**BUSINESS AUTO LIABILITY POLICY**

In return for the payment of the premium and subject to all terms of this policy, **we** agree with **you** as follows:

. . .

**PART II    WHICH AUTOS ARE COVERED AUTOS**

A.    ITEM TWO of the Declarations (Schedule of Covered **Autos**) shows the specific **autos** that are covered **autos**.

70 – Scheduled **Autos** only which are used as a taxicab, limousine, or for any other public livery use, except vehicles carrying more than 15 passengers, under **your** operating authority. Only **autos** in service as of the date this Policy begins, which are listed on the Schedule of Proposed **Autos** attached to the Policy, are covered. No coverage will apply to any **auto** newly placed in service, after the Policy begins, until **you** report that **auto** to us and **we** advise **you** in writing that the **auto** is acceptable to us and that it is covered by the Policy. . .

2

. . .

**PART IV    LIABILITY INSURANCE**

A.    WE WILL PAY

    1.    We will pay all sums the Insured legally must pay as damages of **Bodily Injury** or **Property Damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto**.

    2.    **We** have the right and duty to defend or settle any suit asking for these damages.  However, **we** have no duty to defend or settle suits for **Bodily Injury** or **Property Damage** not covered by this policy. . .

. . .

D.    WHO IS INSURED

    1.    **You** are insured for any covered auto, but only when the covered **auto** is driven by a Schedule Driver as described in Part IV, Item D.2 and Item D.3.

    3.    Only those drivers . . . operating a covered **auto who has been listed** by Us on the Schedule of Drivers attached to the policy, and who are not otherwise excluded from coverage under a Driver Exclusion.
    . . .

(emphasis in original).

In March 2018, Kelbert Ferdinand was involved in a motor vehicle accident with Fojon in Miami-Dade County.  At the time, Ferdinand was operating a 2010 Ford Crown Victoria as a taxi for hire for USA Taxi and Taxi Runner, Inc.  Ferdinand was not listed on the schedule of drivers and the

2010 Ford Crown Victoria was not listed on the schedule of covered autos on the Ascendant policy. Ascendant denied coverage for the loss, sent reservation of rights letters, and noted this in its insurance disclosure response under section 627.4137, Florida Statutes.

Shortly thereafter, Fojon filed suit against Ferdinand, USA Taxi, and Taxi Runner, Inc. for alleged bodily injuries. The complaint specifically identified Ferdinand as the driver and the 2010 Ford Crown Victoria as the vehicle involved in the accident. Ascendant did not provide a defense. Fojon, USA Taxi, and Taxi Runner, Inc. subsequently entered a Coblentz agreement for $750,000.00.[1]

Fojon, as assignee of USA Taxi and Taxi Runner, Inc., filed a declaratory judgment action against Ascendant. Fojon sought a declaration that the policy provided insurance coverage and asserted that Ascendant

---

[1] See Coblentz v. Am. Surety Co. of New York, 416 F.2d 1059, 1063 (5th Cir. 1969); Perera v. U.S. Fid. & Guar. Co., 35 So. 3d 893, 899 (Fla. 2010); Rodriguez v. Sec. Nat. Ins. Co., Inc., 138 So. 3d 520, 521 n.3 (Fla. 3d DCA 2014) ("A Coblentz agreement is a negotiated settlement in which the defendant agrees to a consent judgment and assigns, to the injured party, any cause of action the defendant had against the defendant's insurer. The injured party must thereafter prove coverage, wrongful refusal to defend, and that the settlement was reasonable and made in good faith.") (internal quotations omitted).

4

failed to comply with the Claims Administration Statute, section 627.426, Florida Statutes.  Ascendant denied the allegations and filed a counterclaim for declaratory judgment seeking a declaration that it did not have a duty to defend or indemnify for the subject loss.

Ascendant moved for final summary judgment maintaining it did not have a duty to defend or indemnify.  It contended that its policy did not provide liability coverage as Ferdinand and the auto were not listed on the policy.  Among other things, Fojon opposed the motion arguing there were material facts in dispute and that Ascendant violated the Claims Administration Statute.

After hearing argument from the parties, the trial court granted final summary judgment in favor of Ascendant.  This appeal followed.

### The Policy Does Not Provide Coverage

The scope and extent of insurance coverage is determined by the language of the insurance policy.  Thus, the policy's text is paramount and must be the starting point of our analysis.  Parrish v. State Farm Florida Ins. Co., 356 So. 3d 771, 774 (Fla. 2023); see also State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 569 (Fla. 2011) ("In interpreting an insurance contract, we are bound by the plain meaning of the contract's text."); § 627.419(1), Fla. Stat.

We turn first to the insuring agreement. An insuring agreement contains the grant of coverage. It generally describes what is covered by the policy and under what circumstances. If the elements set forth in the insuring agreement are not satisfied, the policy does not provide insurance coverage.

The insuring agreement is set forth in PART IV(A) above. The insuring agreement was never triggered as the subject loss did not involve an insured and did not result from the ownership, maintenance, or use of a covered auto. Therefore, Ascendant's duties never arose for this loss.

Specifically, PART IV(D) defines who qualifies as an insured. These provisions require that the driver of the vehicle be listed on a schedule attached to the policy. Ferdinand was not listed on that schedule. Accordingly, Ferdinand, USA Taxi, and Taxi Runner, Inc. do not qualify as insureds. Telemundo Television Studios, LLC v. Aequicap Ins. Co., 38 So. 3d 807, 809 (Fla. 3d DCA 2010) ("The insurance policy at issue here is clear and unambiguous in stating that all drivers must be reported to the Insurer, and thus, does not afford coverage for the accident involving Mons, the non-disclosed driver.").

PART II states that a vehicle is a covered auto if it is listed on the schedule attached to the policy. The 2010 Ford Crown Victoria was not listed on the schedule. Therefore, the vehicle does not qualify as a covered auto.

6

According to its terms, the Ascendant policy does not provide liability coverage for the subject loss. Ascendant did not have a duty to defend or indemnify this loss. See WellCare of Florida, Inc. v. Am. Intern. Specialty Lines Ins. Co., 16 So. 3d 904, 906 (Fla. 2d DCA 2009) ("[T]he duty to indemnify is narrower than the duty to defend and thus cannot exist if there is no duty to defend."); Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So. 2d 419, 422 (Fla. 3d DCA 1995).

The policy must be enforced as written. Courts are without power to rewrite insurance contracts or create insurance coverage where none exists. Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So. 2d 938, 942 (Fla. 1979); U.S. Fire Ins. Co. v. Morejon, 338 So. 2d 223, 225 (Fla. 3d DCA 1976) ("Florida courts adhere to the principle that a court should not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract."). We reject Fojon's attempts to do so with unsupported and speculative allegations that the policy *should* have listed the driver and auto.

### The Claims Administration Statute

Fojon asserts that Ascendant waived its right to deny coverage by failing to comply with the Claims Administration Statute, section 627.426, Florida Statutes. The Claims Administration Statute provides:

7

(2) A liability insurer shall not be permitted to deny coverage based on a particular *coverage defense* unless:

(a) Within 30 days after the liability insurer knew or should have known of the *coverage defense*, written notice of reservation of rights to assert a *coverage defense* is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and

(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:

   1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured;

   2. Obtains from the insured a nonwaiver agreement following full disclosure of the specific facts and policy provisions upon which the *coverage defense* is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or

   3. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court.

§ 627.426(2), Fla. Stat. (2018) (emphasis added).

By its clear terms, the Claims Administration Statute only applies to coverage defenses.  Under Florida law, there is a distinction between policy defenses and coverage defenses.  See generally Andrew E. Grigsby, The Dance of the Porcupines: Defense Under A Reservation of Rights in Florida, 83 Fla. B.J. 8, 8 (Feb. 2009).

A policy defense is an assertion that the terms of the insurance contract do not provide for coverage.  AIU Ins. Co. v. Block Marina Inv., Inc., 544 So. 2d 998, 1000 (Fla. 1989).  For example, a policy defense exists where the insuring agreement is not triggered, such as when a person does not qualify as an insured or when a vehicle does not qualify as a covered auto.  Other examples include where an exclusion applies, or when a loss occurs outside of the policy period.[2]

On the other hand, a coverage defense involves forfeiture of insurance coverage that otherwise exists.  Coverage defenses arise where the insured fails to comply with a condition or duty required by the policy, such as failing to cooperate, committing fraud, or failing to provide prompt notice.  It is based on some action or inaction of the insured after the loss.  Grigsby, supra, at 8 ("It focuses on the insured's behavior, post-loss in particular.").

In instances of coverage defenses, the insurance carrier must comply with the Claims Administration Statute.  If it does not, it is estopped from asserting the coverage defense—a breach of a policy condition that would forfeit coverage.  § 627.426(2), Fla. Stat. (2018).  It can still, however, assert a policy defense—a defense of no coverage.  AIU Ins. Co., 544 So. 2d at 1000.

---

[2] This list is not exhaustive.

9

Simply put, the Claims Administration Statute is "wholly inapplicable to a defense of no coverage." Almendral v. Sec. Nat. Ins. Co., 704 So. 2d 728, 730 (Fla. 3d DCA 1998); see also U.S. Fid. & Guar. Co. v. Am. Fire & Indem. Co., 511 So. 2d 624, 625 (Fla. 5th DCA 1987) ("An insurer does not assert a 'coverage defense' where there was no coverage in the first place.").

From the inception of this claim, Ascendant only asserted a policy defense—Ferdinand was not listed as a driver and the auto was not listed as a covered auto on the schedules of the policy. Insurance coverage did not exist under the plain terms of the insurance contract. Therefore, the Claims Administration Statute does not apply, and it does not bar Ascendant from denying coverage.

## Conclusion

Based on the record evidence, the trial court correctly entered final summary judgment in favor of Ascendant. Fla. R. Civ. P. 1.510(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

Affirmed.